IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JOHN A. ABRAHAM, M.D. | CIVIL ACTION |
|---|---|
| v. | NO. 20-2967 |
| THOMAS JEFFERSON UNIVERSITY, et al. | |

MEMORANDUM & ORDER

**Baylson, J.**                                                                                     **March 15, 2021**

The case before the Court is a Title IX lawsuit, with supplemental state law claims in tort

and contract, filed by Plaintiff John Abraham.   (Compl., ECF 1).   Plaintiff worked as the Director

of the Musculoskeletal Oncology Center at Thomas Jefferson University Hospital ("TJUH") and

the Service Chief of Orthopedic Oncology at Rothman Orthopaedics.   (Id. at 23, ¶¶ 115–16).   On

June 23, 2018, Plaintiff hosted an annual party at his home to thank his colleagues.   (Id. at 24–25,

¶¶ 125–29).   "Jane Roe,"[1] a resident physician at TJUH, was there.   (Id. at 25, ¶¶ 130–134).

Toward the end of the night, she allegedly became physically aggressive toward Plaintiff, pulling

him to the floor, where they had sexual intercourse.   (Id. at 28–29, ¶¶ 158–64).

A few days later, Plaintiff and Roe spoke on the telephone.   (Id. at 31, ¶ 181).   Plaintiff

told Roe that he planned to report the encounter to his TJUH supervisors, and she asked him not

to until he heard what her husband, who wanted to "make [the situation] better," had to say.   (Id.

¶ 18—82, 185, 187–88).

Plaintiff reported the sexual encounter and alleged extortion attempt to his TJUH

supervisor, Dr. Alex Vaccaro, later that day.   (Id. at 33, ¶ 196).   Plaintiff also attempted to reach

---

[1] This memorandum retains the pseudonym used by the parties.

Dr. Jim Purtill, but had trouble reaching him.   (Id. at 35, ¶¶ 213–15).   When Plaintiff followed up with Dr. Vaccaro, he learned that Roe had gone to Dr. Purtill's home and complained that Plaintiff had raped her.   (Id. ¶ 217).

On June 27, 2018, Plaintiff received a Notice of Concern from Jefferson's Title IX coordinator, alleging that he had "non-consensual sexual intercourse" with Roe, and informing him that an investigation would take place and that he would receive a University-assigned advisor. (Id. at 36, ¶¶ 222–26).   Plaintiff alleges that, acting on its gender biases against him, Jefferson took no action to investigate his allegations against Roe, and denied him the chance to put forth his own defense in the matter.   (Id. at 44–45, ¶¶ 293–99).   On January 8, 2019, Jefferson's Title IX coordinator sent Plaintiff a letter that Jefferson was terminating Roe's complaint.   (Id. ¶ 311).

The Complaint in this case consists of 529 numbered paragraphs over 88 pages. Defendants' first ground for dismissal under Rule 12 is that the Complaint violates Rule 8(a) because it is not a "short and plain statement of the claim showing that the pleader is entitled to relief."   Upon review of the Complaint, it is obvious that Plaintiff has put many detailed items of evidence into the Complaint which are not necessary, thus making the case difficult for the Court to appropriately consider the substantive grounds of the Motion to Dismiss on the merits, Plaintiff's Response, and also, assuming the case proceeds, to fairly rule on discovery issues as they may arise.

This Court made a similar ruling recently in Doe v. Metz, 20-cv-4095.   See Order, ECF No. 11, Jan. 27, 2021.

The Court is cognizant of Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009), which do require some facts in support of legal claims and a showing

that the claim is "plausible."   However, compliance with these requirements does not require 88 pages and over 500 separate paragraphs.

The Court will reserve its ruling on Defendants' Motion to Dismiss the substantive claims until Plaintiff files an Amended Complaint.

The Court is not specifying any maximum limit of paragraphs or pages but notes that even the complaints in the most serious cases seldom exceed 20-25 pages as a guideline.

For these reasons, Defendant's Motion to Dismiss is **GRANTED**.   Plaintiff may file an Amended Complaint in 14 days.

**BY THE COURT:**

**s/ Michael M. Baylson**

_____

**MICHAEL M. BAYLSON, U.S.D.J.**

O:\CIVIL 20\20-2967 Abraham v Thom Jeff Univ\20cv2967 memorandum 03152021.docx