**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN A. ABRAHAM, M.D. | : |
| Plaintiff, | : Civil Action No.  20-cv-02967 (MMB) |
| vs. | : |
| THOMAS JEFFERSON UNIVERSITY, et al. | : |
| Defendants. | : |

**DEFENDANTS' REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

KLEHR HARRISON HARVEY
BRANZBURG LLP

Dated: June 28, 2021          By:     */s/ Stephanie D. Wolbransky*
                                             William A. Harvey (No. 25344)
                                             Lisa A. Lori (No. 83814)
                                             Stephanie D. Wolbransky (No. 326356)
                                             1835 Market Street, Suite 1400
                                             Philadelphia, PA 19103
                                             Telephone: (215) 569-2700
                                             Fax: (215) 568-6603
                                             wharvey@klehr.com
                                             llori@klehr.com
                                             swolbransky@klehr.com

                                             *Attorneys for Defendants*

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ...................................................................................................................1

    A.    Abraham's Amended Complaint Violates Rule 8 and Rule 12(f). .........................1

    B.    Abraham's Title IX Claims Should be Dismissed for Failure to State a Claim ......3

        1.    *Doe v. University of the Sciences* is Not Factually Analogous to the Instant Action...................................................................................................3

        2.    Plaintiff Fails to State A Claim For Sex Discrimination ............................4

    C.    Abraham's Claim for Retaliation is Insufficient.......................................................6

    D.    Plaintiff's State Law Claims Should be Dismissed .................................................7

CONCLUSION.....................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bolick v. NE Indus., Serv. Corp.*
  666 F.App'x 101 (3d. Cir. 2016) ............................................................2

*Bristol-Myers Squibb Co. v. IVAX Corp.*,
  77 F. Supp. 2d 606 (D.N.J. 2000) ...........................................................2

*Davis Next Friend LaShonda D. v. Monroe County Bd. of Educ*,
  526 U.S. 629 (1999) ...............................................................................3

*DeLa Cruz v. Piccari Press*
  521 F. Supp. 2d 424 (E.D. Pa. 2007) ......................................................2

*Doe v. Columbia*,
  831 F.3d 46 (2d Cir. 2016) ......................................................................5

*Doe v. Princeton*,
  No. 3:20-cv-4532 (BRM)(TJB), 2021 WL 194806 (D.N.J. Jan. 20, 2021) ..........................3, 4

*Doe v. St. Joseph's Univ.*,
  832 Fed.App'x. 770 (3d Cir. 2020) .......................................................4, 5

*Doe v. Trustees of Princeton Univ.*,
  Civ. A. No. 31907853, 2020 WL 967860 (D.N.J. Feb. 28, 2020) ...........5

*Doe v. University of the Scis.*,
  961 F.3d 203 (3d Cir. 2020) .................................................................3, 4

*Drysdale v. Woerth*
  NO. CIV.A. 98-3090, 1998 WL 966020 (E.D. Pa. Nov. 18, 1998) .........2

*Gebser v. Lago Vista Independent School Dist.*,
  524 U.S. 274 (1998) ................................................................................3

*Growth Horizons, Inc. v. Delaware Cty., Pa.*,
  983 F.2d 1277 (3d Cir. 1993) ..................................................................7

*Jones v. Se. Pa. Transp. Auth.*,
  796 F.3d 323 (3d Cir. 2015) ....................................................................6

*S.K. v. North Allegheny School Dist.*,
  168 F.Supp.3d 786 (W.D. Pa. 2016) .......................................................6

*United Mine Workers v. Gibbs*,
    383 U.S. 715 (1966)..................................................................................................7

*Verdu v. Trustees of Princeton Univ.*,
    No. CV 19-12484 (FLW), 2020 WL 1502849 (D.N.J. Mar. 30, 2020).....................................4

**Statutes**

28 U.S.C. §1367....................................................................................................................7

**Other Authorities**

Fed. R. App. P. 32.1...........................................................................................................2

Fed. R. Civ. P. Rule 8 ...................................................................................................1, 2

Fed. R. Civ. P. 12 .........................................................................................................1, 2

## **INTRODUCTION**

Thomas Jefferson University ("TJU") and Thomas Jefferson University Hospital ("TJUH") (collectively, the "Defendants" or "Jefferson") submit this Reply Memorandum of Law in Further Support of their Motion to Dismiss Plaintiff's First Amended Complaint filed by Plaintiff, John A. Abraham ("Plaintiff" or "Abraham").[1] Abraham's 43-page, 256-paragraph Amended Complaint should be dismissed for failure to comply with Federal Rules of Civil Procedure 8 and 12 and for failure to state claims upon which relief may be granted. Nothing in Abraham's Memorandum of Law in Opposition to Jefferson's Motion to Dismiss ("Plaintiff's Response") cures his deficiencies. *See* ECF No. 19. Accordingly, Jefferson's Motion to Dismiss should be granted.

### A.    **Abraham's Amended Complaint Violates Rule 8 and Rule 12(f).**

Federal Rule of Civil Procedure 8(a) requires a pleading to set forth a "short and plain statement" of the claim showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a). Moreover, Rule 8(d) requires allegations to be "simple, concise, and direct." *See id.* at 8(d). Abraham's 43-page, 256-paragraph Amended Complaint, which is full of repeated legal conclusions and "facts" designed to embarrass and humiliate Jefferson and Roe, obfuscates the issues rather than provides a "short and plain statement" of Abraham's claim, and is neither simple, concise, nor direct.

Plaintiff's Response does not even attempt to overcome Abraham's violation of Rule 8. Plaintiff merely contends that the Amended Complaint is of comparable length to other Title IX complaints filed in this district as well as sister districts. *See* Plaintiff's Response at 14. However, in both cases cited by Plaintiff, neither defendant moved to dismiss the complaint on the grounds

---

[1] Defendants' incorporate their Motion to Dismiss Plaintiff's First Amended Complaint by reference. *See* ECF No. 17.

that it violated Fed. R. Civ. P. Rule 8. Therefore, both cases are inapposite and fail to provide proper support for Plaintiff's contentions.  Moreover, the two cases relied upon by Defendants, *Drysdale v. Woerth* and *Bolick v. NE Indus., Serv. Corp.,* are factually analogous and persuasive.[2] In both cases, the court analyzed plaintiff's <u>amended</u> complaints and determined that they did not comply with Fed. R. Civ. P. 8(a)(2) and 8(d)(1).

As set forth more fully in Defendants' Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Amended Complaint (the "Memorandum"), at the very least, the Amended Complaint should be stricken pursuant to Fed. R. Civ. P. 12(f). The purpose of a motion to strike is to save time and expense through the excision of matter from the pleadings that will not affect the outcome of the case. *Bristol-Myers Squibb Co. v. IVAX Corp.*, 77 F. Supp. 2d 606, 619 (D.N.J. 2000).  Here, for example, Plaintiff includes an extensive recitation of the alleged sexual encounter between Abraham and Roe, as well as the extensive background section on the "Dear Colleague Letter," which should be stricken. *See e.g.,* ¶¶12–24, 59–85. These boorish details, particularly of the alleged sexual encounter, are unnecessary, and serve only to make it more difficult for Jefferson to prepare a substantive response.

Moreover, in attempting to overcome his deficiencies, Plaintiff heavily relies on *DeLa Cruz v. Piccari Press* in support of its position that the Amended Complaint should not be stricken. 521 F. Supp. 2d 424 (E.D. Pa. 2007). However, the complaint in *DeLa Cruz* was a mere 49-paragraphs, and approximately ten pages in length, and accordingly, is not comparable to the Amended

---

[2] Notably, pursuant to Fed. R. App. P. 32.1, a court may not prohibit or restrict the citation of federal judicial opinions, orders, judgments, or other written dispositions that have been designated as "not for publication," and issued on or after January 1, 2007. Thus, at the very least, the Court can consider *Bolick* for its "persuasive value." *See* Fed. R. App. P. 32.1.

Complaint. Accordingly, Abraham's First Amended Complaint should be dismissed and/or stricken.

**B.    Abraham's Title IX Claims Should be Dismissed for Failure to State a Claim**

**1.    *Doe v. University of the Sciences* is Not Factually Analogous to the Instant Action**

In his Response, Abraham contends that certain Title IX doctrinal tests have been superseded by the standard set forth by the Third Circuit in *Doe v. University of the Scis.*, 961 F.3d 203, 209 (3d Cir. 2020). *See* Plaintiff's Response, at 16–18. While Defendants do not dispute the underlying legal principles in *University of the Sciences*, *University of the Sciences* is factually inapposite from the instant case—*University of the Sciences* concerned a student-against-student sexual harassment claim. It did not involve a professor/attending physician-against a student/resident-claim, where the alleged conduct occurred off the university's premises, after hours, at a private party hosted and paid for by the professor/attending physician for his friends, as in the instant case. *University of the Scis.*, 961 F.3d 203 at 205.

Furthermore, while Plaintiff merely removed the "selective enforcement" and "deliberate indifference" titles from his claims, he continues to allege in substance these theories in his Amended Complaint. (*See e.g.,* Am. Compl., ¶¶170, 202(g)).[3] In fact, even after the Third Circuit's ruling in *University of the Sciences,* the Third Circuit continues to consider all of a Title IX plaintiff's allegations in a pleading, as a whole, despite not requiring a plaintiff to allege separate theories for liability for "selective enforcement" and "deliberate indifference. *See Doe v.*

---

[3] While the Third Circuit (and other circuit courts) may have adopted the Title IX standard set forth in *University of the Sciences*, the United States Supreme Court still recognizes and characterizes Title IX claims under these theories. *See Davis Next Friend LaShonda D. v. Monroe County Bd. of Educ,* 526 U.S. 629 (1999); *Gebser v. Lago Vista Independent School Dist.,* 524 U.S. 274 (1998).

PHIL1 9541153v.2

*Princeton,* No. 3:20-cv-4532 (BRM)(TJB), 2021 WL 194806, at \*4 (D.N.J. Jan. 20, 2021); *Doe v. St. Joseph's Univ.,* 832 Fed.App'x. 770, 774 (3d Cir. 2020).  Regardless of the Title IX theory, Plaintiff cannot hide behind *University of the Sciences*, while continuing to allege the substance of these claims in his Amended Complaint.

In addition, Plaintiff ignores the reality of his own allegations, including, that he, based on his own allegations: (1) was a professor/attending physician accused of raping a student/resident physician under his tutelage in his orthopedics residency program, at his private party, which he paid for and held for his friends at his personal residence during non-work hours, and that (2) TJU had different obligations to its students/residents (like Roe) than it had to professors/attending physicians (like Plaintiff). Under these facts, regardless of the theories advanced by Plaintiff, Plaintiff cannot allege any claim based on sex discrimination by Jefferson. *See Verdu v. Trustees of Princeton Univ.*, No. CV 19-12484 (FLW), 2020 WL 1502849, at \*6 (D.N.J. Mar. 30, 2020) (dismissing Title IX claim based on gender/sex discrimination for lack of plausibility where professor was accused of sexual misconduct by student, and noting that the student-accuser "was a student and Plaintiff was a professor; the University's obligations and relationship to each were fundamentally different.").

### 2.    Plaintiff Fails to State A Claim For Sex Discrimination

Plaintiff continues to fail to state a claim for sex discrimination for other reasons. In *University of the Sciences,* the court held that "to state a claim under Title IX, the alleged facts, if true, must support a plausible inference that a federally-funded college or university discriminated against a person on the basis of sex." *See* 961 F.3d at 209.  Abraham's Title IX claim is premised on his contention that Jefferson discriminated against him because it investigated Roe's complaint against Abraham, but did not investigate Abraham's complaint against Roe [in other words, TJU allegedly "selectively enforced" its policy], and that Jefferson's alleged failure to investigate

4

Abraham's claim was based on his gender.  *See* Am. Compl., ¶¶ 195–203; *see also e.g*., Plaintiff's Response, pp. 18–22.

As set forth in Defendants' Memorandum of Law In Support of Their Motion to Dismiss, Abraham fails to allege any plausible inference of sex discrimination with respect to Jefferson or TJU's investigation of the incident.  *See* Defendants' Memorandum of Law in Support of Their Motion to Dismiss the First Amended Complaint, pp. 13–22. Furthermore, to support his position, Plaintiff baldly asserts that Jefferson's actions in "ignoring" his attempts to report Roe's misconduct equates to "bias in favor of the female accuser." Am. Compl., ¶¶95–99; 116. While Defendants deny that their investigation was flawed, such cursory allegations by Abraham do not support the inference of any type of bias, and certainly "do not necessarily relate to bias on account of sex." *See St. Joseph's Univ.,* 832 Fed.App'x. at 774 (citing *Doe v. Columbia,* 831 F.3d 46, 57 (2d Cir. 2016) (noting that allegations of a shoddy investigation may "support the inference of bias," but that such allegations "do not necessarily relate to bias on account of sex"). Indeed, while Abraham may have "detailed the problems he allege[d] plagued his disciplinary process," though Defendants contend that he has not, he did not, and cannot, allege that <u>sex</u> was the reason for those alleged problems. *See Doe v. Trustees of Princeton Univ.*, Civ. A. No. 31907853, 2020 WL 967860, at *3 (D.N.J. Feb. 28, 2020).

Additionally, Plaintiff argues that TJU enacted a "victim-centered" policy for resolution of sexual assault complaints due to "the threats of OCR investigations, Title IX lawsuits and the ultimate penalty – rescission of federal funds." *See* Am. Compl., ¶¶165–166. Specifically, Abraham contends, albeit falsely, that TJU's policies and procedures are applied "with gender bias against males accused of sexual assault." *Id.* at ¶168. However, in support of his claim, Plaintiff refers to a "ProPublica" website purportedly discussing previous investigations for TJU's alleged

civil rights violations, which Abraham attempts to use to establish that TJU "has faced scrutiny from OCR as well as significant pressure to make findings of responsibility against males accused of sexual assault due to two open OCR complaints dealing with alleged Title IX infractions." *See* Am. Compl., ¶169. Notably, however, this website heavily relied upon by Abraham fails to support his position that the alleged Title IX infractions were against <u>males</u>. Indeed, there is no indication from the website as to whether the complaints were filed by male or female complainants. Because this argument fails to support Plaintiff's claim and his conclusory allegations fail to establish that he was discriminated against on the basis of sex, his claim should be dismissed.

## C.     <u>Abraham's Claim for Retaliation is Insufficient</u>

Abraham's claim for retaliation should be dismissed as a matter of law. As set forth in Jefferson's Motion to Dismiss and herein, and as a matter of law in this Circuit, "[a] paid suspension pending an investigation of an employer's alleged wrongdoing does not fall under any of the forms of adverse action." *Jones v. Se. Pa. Transp. Auth.,* 796 F.3d 323, 326 (3d Cir. 2015). Moreover, Plaintiff's bald and conclusory allegation that Jefferson effectively "forced [him] to take a leave of absence" falls short of the factual setting and context required to state a claim. *See S.K. v. North Allegheny School Dist.,* 168 F.Supp.3d 786, 806 (W.D. Pa. 2016) (dismissing retaliation claim based on allegation that "defendant effectively forced plaintiff to transfer to another school"); Plaintiff's Response, pp. 24–27; Am. Compl., ¶210. Accordingly, for the reasons set forth in Defendants' Motion to Dismiss and herein, Abraham's claim for retaliation should be dismissed.

D.      **Plaintiff's State Law Claims Should be Dismissed**

Should the Court dismiss Abraham's Title IX claims, it should also decline to exercise jurisdiction over his state law claims, which it has express authority to do. *See* 28 U.S.C. §1367.[4] In determining whether to retain jurisdiction over state law claims, the Court should consider generally accepted principles of "judicial economy, convenience, and fairness to the litigants." *See Growth Horizons, Inc. v. Delaware Cty., Pa.,* 983 F.2d 1277, 1285 (3d Cir. 1993).   Abraham contends that he would suffer undue prejudice, should he have to re-file his claims in state court. *See* Plaintiff's Response at pp. 27–28. However, Plaintiff misstates the applicable standard, as "undue prejudice" is not a factor considered by the Court in determining whether to exercise supplemental jurisdiction over state law claims. Moreover, the United States Supreme Court has expressly held that when federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. *United Mine Workers v. Gibbs,* 383 U.S. 715 (1966). As set forth more fully in the Motion to Dismiss, judicial economy, convenience and fairness to the litigants weighs in favor of dismissal, and this Court should decline to exercise supplemental jurisdiction over the state law claims.

---

[4] Should this Court retain jurisdiction over the state law claims, the claims should be dismissed for the reasons set forth in Defendants' Motion to Dismiss Plaintiff's Amended Complaint.

7

## CONCLUSION

For the foregoing reasons, and the reasons previously set forth in Defendants' Memorandum of Law In Support of its Motion to Dismiss Plaintiff's First Amended Complaint, Defendants respectfully request that this Court grant their Motion and dismiss the First Amended Complaint.

Respectfully submitted,

KLEHR HARRISON HARVEY
BRANZBURG LLP

Dated: June 28, 2021

/s/ Stephanie D. Wolbransky
William A. Harvey (No. 25344)
Lisa A. Lori (No. 83814)
Stephanie D. Wolbransky (No. 326356)
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 569-2700
Fax: (215) 568-6603
wharvey@klehr.com
llori@klehr.com
swolbransky@klehr.com

Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 28, 2021, I electronically filed the foregoing Memorandum of Law in Further Support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, which was made available for viewing and downloading via the electronic case filing (ECF) system, and sent via electronic mail, to the following counsel of record:

Andrew T. Miltenberg
Stuart Bernstein
Cindy Singh
Nesenoff & Miltenberg LLP
363 Seventh Ave., 5th Floor
New York, NY 10001
amiltenberg@nmllplaw.com
sbernstein@nmllplaw.com
csingh@nmllplaw.com

Lance Rogers
Rogers Counsel
26 E. Athens Avenue
Ardmore, PA 19003
lance@rogerscounsel.com

*Attorneys for Plaintiff*

/s/ Stephanie D. Wolbransky
Stephanie D. Wolbransky

PHIL1 9541153v.2