## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN A. ABRAHAM, M.D., | : |
| | : |
| Plaintiff, | :     CIVIL ACTION NO.: 20-cv-02967 (MMB) |
| | : |
| v. | : |
| | : |
| THOMAS JEFFERSON UNIVERSITY, et al. | : |
| | : |
| Defendants. | : |
| | : |

### DEFENDANTS' THOMAS JEFFERSON UNIVERSITY AND THOMAS JEFFERSON UNIVERSITY HOSPITAL, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF, JOHN A. ABRAHAM, M.D.'S FIRST AMENDED COMPLAINT

Defendants, Thomas Jefferson University ("TJU") and Thomas Jefferson University Hospital, Inc. ("TJUH" and collectively with TJU, "Jefferson" or "Defendants"), by and through their undersigned counsel, Klehr Harrison Harvey Branzburg LLP, hereby answer the First Amended Complaint (the "Amended Complaint") of Plaintiff, John A. Abraham, M.D. ("Abraham" or "Plaintiff") and state as follows. All allegations not expressly admitted herein are denied.

### THE NATURE OF THIS ACTION[1]

1.     Admitted in part; denied in part. Jefferson admits only that Plaintiff purports to bring this action against Defendants for alleged violations of Title IX of the Education Amendments of 1972 ("Title IX"), breach of contract, intentional infliction of emotional distress, negligent infliction of emotional distress, and tortious interference with Plaintiff's business

---

[1] Jefferson retains the "Headers" in the First Amended Complaint solely for ease of review. To the extent any "Header" can be construed as setting forth a factual allegation to which a responsive pleading is required, each and every allegation in such "Header" is denied.

relations with Rothman Orthopaedics. Except as expressly admitted herein, Defendants deny all remaining averments stated in the "Nature of the Action" paragraph of the First Amended Complaint. Defendants specifically deny that they violated Title IX and deny that they are liable to Plaintiff for any reason. By way of further answer, pursuant to the Court's Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, Counts II-V of Plaintiff's Amended Complaint were dismissed by the Court. [2]

## THE PARTIES

2.      Admitted in part; denied in part. It is admitted only that Plaintiff held a faculty appointment and clinical privileges at TJUH. Jefferson lacks sufficient information to form a belief as to the accuracy of the remaining allegations contained in paragraph 2 of the First Amended Complaint and deny the allegations on that basis. Jefferson specifically lacks sufficient information to form a belief as to Plaintiff's current residence, and this allegation is denied on that basis.

3.      Admitted in part; denied in part. It is admitted that TJUH has a business location at 111 S. 11th Street, Philadelphia, Pennsylvania 19107. Jefferson denies the remaining allegations in this paragraph as conclusions of law to which no response is required.

4.      Admitted in part; denied in part. It is admitted that TJU has a business location at 1020 Walnut Street, Philadelphia, Pennsylvania 19107. Jefferson denies the remaining allegations in this paragraph as conclusions of law to which no response is required.

5.      Admitted in part; denied in part. It is admitted only that Jefferson receives federal funding. The remaining allegations are denied as Jefferson lacks sufficient information to form a

---

[2] Jefferson lacks sufficient information to form a belief as to whether Plaintiff used its best efforts to shorten the First Amended Complaint to comply with the Court's order, and denies the allegations contained in Footnote 1 on that basis.

belief as to the accuracy of the remaining allegations contained in paragraph 5 of the First Amended Complaint and deny the allegations on that basis.

6.      Denied as stated. Jefferson lacks sufficient information to form a belief as to what Plaintiff considers "do[ing] business collectively," and denies the allegations in paragraph 6 on that basis.

7.      Denied as stated. Jefferson lacks sufficient information to form a belief as to what Plaintiff considers "substantively consolidated" operations, and on that basis, denies the allegations in paragraph 7. By way of further response, Jefferson  lacks sufficient knowledge to form a belief as to what Plaintiff considers "connected websites" and on that basis, denies the allegations in paragraph 7.

8.      Jefferson denies the allegations in this paragraph as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. By way of further answer, Jefferson specifically denies the allegations related to "all times material" insofar as such time period has not been defined by Plaintiff.

## JURISDICTION AND VENUE

9.      Jefferson denies the allegations in this paragraph as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

10.      Jefferson denies the allegations in this paragraph as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

11.      Jefferson denies the allegations in this paragraph as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

A.  **Background: The Effect of the "April 2011 Dear Colleague Letter" on University Sexual Misconduct Policies.**

12.     Denied as stated. The allegations in paragraph 12 purport to characterize the "April 2011 Dear Colleague Letter" (the "DCL"), the contents of which are a writing that speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the DCL, they are denied. By way of further answer, Jefferson lacks sufficient information to form a belief as to whether the DCL became widely known and denies the allegations in paragraph 12 on that basis.

13.     Denied as stated. The allegations in paragraph 13 purport to characterize the DCL, the contents of which are a writing that speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the DCL, they are denied.

14.     Jefferson denies the allegations in this paragraph as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. The remaining allegations in paragraph 14 purport to characterize the DCL, the contents of which are a writing that speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the DCL, they are denied.

15.     Denied as stated. The allegations in paragraph 15 purport to characterize the DCL, the contents of which are a writing that speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the DCL, they are denied.

16.     Denied as stated. Jefferson lacks sufficient information to form a belief as to whether the OCR treated the DCL as a "binding regulation" or whether it "pressured universities

4

PHIL1 9691712v.1

to aggressively pursue investigations of sexual assault on campus," and denies the allegations in paragraph 16 on that basis.

17.     Denied as stated. Jefferson lacks sufficient information to form a belief as to whether schools changed their policies and procedures after the DCL was published, and denies the allegations in paragraph 17 on that basis.

18.     Denied as stated. The allegations in paragraph 18 purport to characterize the transcript of Catherine E. Lhamon's testimony, the contents of which are a writing that speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the transcript, they are denied.

19.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the actions taken by OCR to enforce the DCL, and the allegations contained in paragraph 19 are denied on that basis.

20.     Jefferson denies the allegations in paragraph 20 as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. By way of further response, Jefferson denies engaging in any unlawful action against Plaintiff.

21.     Jefferson denies the allegations in paragraph 21 as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. By way of further response, Jefferson denies engaging in any unlawful action against Plaintiff.

22.     Denied as stated. The allegations in paragraph 22 purport to characterize OCR's alleged "interim guidance" (the "2017 Q&A"), the contents of which are a writing that speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the 2017 Q&A, they are denied.

5

23.     Denied as stated. The allegations in paragraph 23 purport to characterize the "2017 Q&A," the contents of which are a writing that speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the 2017 Q&A, they are denied.

24.     Jefferson denies the allegations in paragraph 24 as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.[3]

### B.  TJU's Sexual Misconduct Policy and Contract with Dr. Abraham

25.     Jefferson denies the allegations in paragraph 25 as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

26.     Denied as stated. The allegations in paragraph 26 purport to characterize Jefferson's Sexual Misconduct Policy (the "Policy"), the contents of which are a writing that speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the Policy, they are denied.

27.     Denied as stated.[4] By way of further response, Jefferson specifically denies engaging in any unlawful action against Plaintiff.

28.     Denied as stated. The allegations in paragraph 28 purport to characterize the Policy, the contents of which are a writing that speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the Policy, they are denied.

---

[3] The allegations in Footnote 2 purport to characterize the Department of Education's Title IX regulations, the contents of which are a writing that speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the regulations, they are denied. By way of further response, Jefferson denies engaging in any unlawful action against Plaintiff.
[4] Admitted that "Jane Roe" is a pseudonym, as set forth in Footnote 3.

29.     Denied as stated. The allegations in paragraph 29 purport to characterize the "Notice of Concern," the contents of which are a writing that speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the "Notice of Concern," they are denied.

30.     Denied as stated. The allegations in paragraph 30 purport to characterize the Policy, the contents of which are a writing that speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the Policy, they are denied.

31.     Denied as stated. The allegations in paragraph 31 purport to characterize the Policy, the contents of which are a writing that speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the Policy, they are denied.

32.     Denied as stated. By way of further response, Jefferson retained the law firm of Pietragallo Gordon Alfano Bosick & Raspanti LLP to conduct a Title IX investigation into the allegations of sexual misconduct between Plaintiff and Roe, and advised all individuals that were interviewed in connection with the investigation that any information disclosed would be kept confidential.

33.     Denied as stated. Jefferson lacks sufficient information to form a belief as to what information is "publicly available," and denies the allegations in paragraph 33 on that basis.

34.     Denied as stated. Jefferson lacks sufficient information to form a belief as to what information is "available," and denies the allegations in paragraph 34 on that basis.

35.      Denied as stated. The allegations in paragraph 35 purport to characterize the Policy, the contents of which are a writing that speak for itself, and is the best evidence of its

7

contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the Policy, they are denied. By way of further answer, all individuals interviewed in connection with the investigation were advised that any information disclosed would be kept confidential.

36.     Denied as stated. The allegations in paragraph 36 purport to characterize the Policy, the contents of which are a writing that speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the Policy, they are denied.

37.     Denied as stated. The allegations in paragraph 37 purport to characterize the Policy, the contents of which are a writing that speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the Policy, they are denied.

38.     Denied as stated. Jefferson lacks sufficient information to form a belief as to what Plaintiff considers "relevant to this matter," and the allegations in paragraph 38 are denied on that basis.

39.     Denied as stated. The allegations in paragraph 39 purport to characterize the Policy, the contents of which are a writing that speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the Policy, they are denied.

40.     Denied as stated. The allegations in paragraph 40 purport to characterize the Policy, the contents of which are a writing that speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the Policy, they are denied.

PHIL1 9691712v.1

41.     Denied as stated. The allegations in paragraph 41 purport to characterize the Policy, the contents of which are a writing that speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the Policy, they are denied.

42.     Denied as stated. The allegations in paragraph 42 purport to characterize the Policy, the contents of which are a writing that speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the Policy, they are denied.

43.     Denied as stated. The allegations in paragraph 43 purport to characterize the Policy, the contents of which are a writing that speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the Policy, they are denied.

44.     Denied as stated. The allegations in paragraph 44 purport to characterize an email, the contents of which are a writing that speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the email, they are denied.

45.     Denied as stated. The allegations in paragraph 45 purport to characterize an email, the contents of which are a writing that speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the email, they are denied. By way of further answer, Jefferson denies engaging in any unlawful action against Plaintiff.

46.     Denied as stated. The allegations in paragraph 46 purport to characterize an email, the contents of which are a writing that speak for itself, and is the best evidence of its contents. To

9

the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the email, they are denied.

47.     Denied as stated. The allegations in paragraph 47 purport to characterize the Policy, the contents of which are a writing that speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the Policy, they are denied.

48.     Denied as stated. The allegations in paragraph 48 purport to characterize the Policy, the contents of which are a writing that speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the Policy, they are denied.

49.     Denied as stated. The allegations in paragraph 49 purport to characterize the Policy, the contents of which are a writing that speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the Policy, they are denied.

50.     Denied as stated. The allegations in paragraph 50 purport to characterize the Policy, the contents of which are a writing that speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the Policy, they are denied.

51.     Denied as stated. The allegations in paragraph 51 purport to characterize the Policy, the contents of which are a writing that speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the Policy, they are denied.

PHIL1 9691712v.1

52.     Denied as stated. The allegations in paragraph 52 purport to characterize the Policy, the contents of which are a writing that speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the Policy, they are denied.

**C.  Plaintiff's Background**

53.     Admitted.

54.     Admitted.

55.     Denied as stated. Jefferson lacks sufficient information to form a belief as to whether Plaintiff was "well-liked" or "highly-respected" in the TJU/TJUH community, and the allegations are denied on that basis.

56.     Admitted only that Plaintiff was the Service Chief of Orthopedic Oncology at Rothman Orthopaedic Institute. The remaining allegations are denied as stated. Jefferson lacks sufficient information to form a belief as to the nature of Plaintiff's relationship with Rothman, and denies the allegations in 56 on that basis.

**D.  Jane Roe and Dr. Abraham's Initial Interactions**

57.     Admitted.

58.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 58, and denies the allegations on that basis.

**E.  Jane Roe's Behavior at Dr. Abraham's Annual Party on June 23, 2018**

59.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 59, and denies the allegations on that basis. Jefferson specifically denies having knowledge regarding the alleged "party" at Plaintiff's home.

60.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 60 and denies the allegations on that basis. Jefferson specifically denies having knowledge regarding the alleged "party" at Plaintiff's home.

61.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 61 and denies the allegations on that basis. Jefferson specifically denies having knowledge regarding the alleged "party" at Plaintiff's home.

62.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 62, and denies the allegations on that basis. Jefferson specifically denies having knowledge regarding the alleged "party" at Plaintiff's home.[5]

63.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 63, and denies the allegations on that basis. Jefferson specifically denies having knowledge regarding the alleged "party" at Plaintiff's home.

64.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 64, and denies the allegations on that basis. Jefferson specifically denies having knowledge regarding the alleged "party" at Plaintiff's home.

65.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 65, and denies the allegations on that basis. Jefferson specifically denies having knowledge regarding the alleged "party" at Plaintiff's home.

66.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 66, and denies the allegations on that basis. Jefferson specifically denies having knowledge regarding the alleged "party" at Plaintiff's home.

---

[5] The allegations in Footnote 4 are denied as stated. Jefferson lacks sufficient knowledge to form a belief as to the identity of the individuals referred to by their initials and denies the allegations on that basis.

67. Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 67, and denies the allegations on that basis. Jefferson specifically denies having knowledge regarding the alleged "party" at Plaintiff's home.

68. Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 68, and denies the allegations on that basis. Jefferson specifically denies having knowledge regarding the alleged "party" at Plaintiff's home.

69. Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 69, and denies the allegations on that basis. Jefferson specifically denies having knowledge regarding the alleged "party" at Plaintiff's home.

70. Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 70, and denies the allegations on that basis. Jefferson specifically denies having knowledge regarding the alleged "party" at Plaintiff's home.

71. Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 71, and denies the allegations on that basis. Jefferson specifically denies having knowledge regarding the alleged "party" at Plaintiff's home.

72. Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 72, and denies the allegations on that basis. Jefferson specifically denies having knowledge regarding the alleged "party" at Plaintiff's home.

73. Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 73, and denies the allegations on that basis. Jefferson specifically denies having knowledge regarding the alleged "party" at Plaintiff's home.

PHIL1 9691712v.1

74.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 74, and denies the allegations on that basis. Jefferson specifically denies having knowledge regarding the alleged "party" at Plaintiff's home.

75.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 75, and denies the allegations on that basis. Jefferson specifically denies having knowledge regarding the alleged "party" at Plaintiff's home.

76.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 76, and denies the allegations on that basis. Jefferson specifically denies having knowledge regarding the alleged "party" at Plaintiff's home.

77.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 77, and denies the allegations on that basis. Jefferson specifically denies having knowledge regarding the alleged "party" at Plaintiff's home.

78.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 78, and denies the allegations on that basis. Jefferson specifically denies having knowledge regarding the alleged "party" at Plaintiff's home.

79.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 79, and denies the allegations on that basis. Jefferson specifically denies having knowledge regarding the alleged "party" at Plaintiff's home.

80.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 80, and denies the allegations on that basis. Jefferson specifically denies having knowledge regarding the alleged "party" at Plaintiff's home.

**F.  The Morning of June 25, 2018**

81.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 81, and denies the allegations on that basis.

82.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 82, and denies the allegations on that basis.

83.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 83, and denies the allegations on that basis.

84.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 84, and denies the allegations on that basis.

85.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 85, and denies the allegations on that basis.

**G.  June 26, 2018: After a Failed Attempt at Extortion, in an Effort to Save her Career After Dr. Abraham Reports Roe's Sexual Misconduct, Roe Falsely Accuses Dr. Abraham of Rape**

**a.  Suspicious Phone Call with Roe on the Morning of June 26, 2018; R.P. Shows Up to Fox Chase Hospital**

86.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 86, and denies the allegations on that basis.

87.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 87, and denies the allegations on that basis.

88.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 88, and denies the allegations on that basis.[6]

---

[6] Denied as stated. Jefferson lacks sufficient knowledge to form a belief as to the accuracy of the allegations set forth in Footnote 5 and denies the allegations on that basis.

15

89.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 89, and denies the allegations on that basis.

90.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 90, and denies the allegations on that basis.

91.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 91, and denies the allegations on that basis.

92.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 92, and denies the allegations on that basis.

93.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 93, and denies the allegations on that basis.

94.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 94, and denies the allegations on that basis.

### b.  Dr. Abraham Reports Roe's Conduct to His Supervisor

95.     Denied.

96.     Denied.

97.     Denied.

98.     Admitted in part; denied in part. It is admitted only that Dr. Purtill was TJUH's Residency Program Director. The remaining allegations are denied as stated.

99.     Denied as stated. Jefferson lacks sufficient information to form a belief as to Plaintiff's intentions, and denies the allegation on that basis. The remaining allegations are denied.[7]

---

[7] Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations in Footnote 6 and denies them on that basis.

PHIL1 9691712v.1

### c. <u>Dr. Abraham's Disturbing Phone Call with R.P. in the early evening of June 26, 2018</u>

100.    Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 100, and denies the allegations on that basis.

101.    Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 101, and denies the allegations on that basis.

102.    Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 102, and denies the allegations on that basis.

103.    Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 103, and denies the allegations on that basis.

104.    Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 104, and denies the allegations on that basis.

105.    Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 105, and denies the allegations on that basis.

106.    Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 106, and denies the allegations on that basis.

107.    Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 107, and denies the allegations on that basis.

108.    Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 108, and denies the allegations on that basis.

109.    Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 109, and denies the allegations on that basis.

### d. <u>Later in the Evening of June 26, 2018: A False Accusation of Rape</u>

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied. By way of further response, Jefferson denies engaging in unlawful action against Plaintiff.

117.    Denied as stated. Jefferson denies the allegations in this paragraph as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**H.  Dr. Abraham Receives a Notice of Concern**

118.    Denied as stated. The allegations in paragraph 118  purport to characterize a "Notice of Concern," the contents of which are a writing that speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the Notice of Concern, they are denied.

119.    Denied as stated. The allegations in paragraph 119  purport to characterize a "Notice of Concern," the contents of which are a writing that speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the Notice of Concern, they are denied.

**I.   Dr. Abraham's Forced Leave of Absence from TJUH and Suspension from Rothman Orthopaedics**

120.    Denied. By way of further response, Plaintiff voluntarily resigned.

121.    Denied. By way of further response, Jefferson denies engaging in unlawful action against Plaintiff.

18

2967-MMB   Document 23   Filed 09/24/21   Page 19 of 38

122.    Denied.

123.    Denied as stated. Jefferson denies the allegations in this paragraph as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

124.    Denied. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 124 and denies them on that basis.

125.    Denied as stated. Jefferson denies the allegations in this paragraph as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.[8]

**J.   Roe Files a Police Report**

126.    Denied. Jefferson lacks information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 126 and denies them on that basis.

127.    Denied. Jefferson lacks information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 127 and denies them on that basis.

128.    Denied. Jefferson lacks information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 128 and denies them on that basis.[9]

**K.   The Flawed and Gender Biased Disciplinary Proceeding against Dr. Abraham**

**a.   TJU Deprives Dr. Abraham of a Full and Fair Opportunity to Participate in the Investigation of Roe's Claim Against Him**

---

[8] Denied. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in Footnote 7 and denies them on that basis.
[9] Denied as stated. The allegations in Footnote 8 purport to characterize pleadings, the contents of which speak for themselves, and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the pleadings, they are denied.

129.     Denied. Jefferson specifically denies the allegations that it was "aware of the pending criminal investigation" insofar as Plaintiff fails to identify the relevant time period for which Jefferson is alleged to be "aware." The remaining allegations are denied as stated.

130.     Denied.

131.     Denied.

132.     Denied.

133.     Denied.

134.     Denied as stated. The allegations in paragraph 134 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

     **b.**  **TJU Deprived Dr. Abraham of the Ability to Review the Investigation Report and Other Key Investigation Documents**

135.     Denied.

136.     Denied.

137.     Denied.

138.     Denied as stated. The allegations in paragraph 138 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

139.     Denied as stated. Jefferson lacks sufficient information to form a belief as to Plaintiff's knowledge regarding any allegations or alleged defects in the investigation process, and the allegations are denied on that basis.

     **c.**  **The Flawed, Superficial, and Gender-Biased Investigation against Dr. Abraham**

140.     Denied as stated. The allegations in paragraph 140 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

20

141.     Denied as stated. The allegations in paragraph 141 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

142.     Denied.

143.     Denied.

144.     Denied.

145.     Denied.

146.     Denied.

147.     Denied.

148.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 148, and the allegations are denied on that basis. The remaining allegations are denied as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

149.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 149, and the allegations are denied on that basis.

150.     Denied.

   **d.   TJU Fails to Investigate Dr. Abraham's Allegations that Roe engaged in Non-Consensual Sexual Intercourse with Him and Fails to Investigate whether Roe's Complaint was Retaliatory.**

151.     Denied.

152.     Denied.

153.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the reason for which Roe allegedly "lodged her complaint," and denies the allegations set forth in paragraph 153 on that basis.

PHIL1 9691712v.1

154.    Denied. By way of further response, Jefferson denies engaging in any unlawful action against Plaintiff.

155.    Denied. By way of further response, Jefferson denies engaging in any unlawful action against Plaintiff.

156.    Denied.

**L.  Dr. Abraham Relinquishes His Clinical Privileges and Faculty Appointment at TJUH.**

157.    Denied as stated. Jefferson lacks sufficient information to form a belief as to any alleged "attempt[] to reach a 'Non-Hearing Resolution,'" and denies the allegations set forth in paragraph 157 on that basis.

158.    Denied as stated. Jefferson lacks sufficient information to form a belief as to Plaintiff's financial position, and denies the allegations set forth in paragraph 158 on that basis.

159.    Denied as stated. Jefferson lacks sufficient information to form a belief as to Plaintiff's alleged "fear", and denies the allegations set forth in paragraph 159 on that basis. By way of further response, Jefferson denies engaging in any unlawful action against Plaintiff.

160.    Admitted only that Plaintiff voluntarily resigned from his faculty appointment and clinical privileges at TJU/TJUH. The remaining allegations are denied as stated.

161.    Denied as stated. The allegations in paragraph 161 purport to characterize an email, the contents of which are a writing that speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the email, they are denied.

162.    Denied.

**M. January 8, 2019 Termination of the Title IX Investigation Against Dr. Abraham**

163.    Denied.

164.     Denied.

**N.  Climate Concerning Sexual Assault at TJU and TJUH**

165.     Denied. The allegations in paragraph 165 are too vague and ambiguous to permit a response.

166.     Denied. The allegations in paragraph 166 are too vague and ambiguous to permit a response.

167.     Denied as stated. The allegations in paragraph 167 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

168.     Denied as stated. The allegations in paragraph 168 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

169.     Denied. The allegations in paragraph 169 purport to characterize a website, the contents of which are a writing, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the website, they are denied.

170.     Denied. The allegations in paragraph 170 purport to characterize a website, the contents of which are a writing, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the website, they are denied.

171.     Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 171, and denies them on that basis.

172.     Denied. The allegations in paragraph 172 purport to characterize a website, the contents of which speak for itself, and is the best evidence of its contents. To the extent Plaintiff's

PHIL1 9691712v.1

characterizations are inconsistent with the plain language, meaning, or content of the website, they are denied.

173.    Denied. The allegations in paragraph 173 purport to characterize a website, the contents of which speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the website, they are denied.

174.    Denied. The allegations in paragraph 174 purport to characterize a website, the contents of which speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the website, they are denied. The remaining allegations in paragraph 174 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

175.    Denied. The allegations in paragraph 175 purport to characterize a website, the contents of which speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the website, they are denied. The remaining allegations in paragraph 175 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

176.    Denied. The allegations in paragraph 176 purport to characterize a website, the contents of which speak for itself, and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the website, they are denied. The remaining allegations in paragraph 176 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

177.    Denied. The allegations in paragraph 177 purport to characterize a "TJU Pledge Letter," the contents of which speak for itself, and is the best evidence of its contents. To the extent

Plaintiff's characterizations are inconsistent with the plain language, meaning, or content of the website, they are denied.

178.    Denied as stated. The allegations in paragraph 178 are conclusions of law to which no response is required. To the extent a response a required, the allegations are denied.

179.    Denied.

180.    Denied.

**O.   TJU/TJUH Interfered with and Continues to Harm Dr. Abraham's Medical Practice and Business Relationship with Rothman Orthopaedics**

181.    Denied.

182.    Denied as stated. Jefferson lacks sufficient information to form a belief as to the status of Plaintiff's alleged referral base and patient volume, and the allegations set forth in paragraph 182 are denied on that basis.

183.    Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 183, and denies them on that basis.

184.    Denied.

185.    Denied as stated. The allegations in paragraph 185 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

186.    Denied.

187.    Denied.

188.    Denied.

189.    Denied.

190.    Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations set forth in paragraph 190, and denies them on that basis.

**P.   Additional Harm to Dr. Abraham**

191.    Denied as stated. The allegations in paragraph 191 are conclusions of law to which no response is required. To the extent a response a required, the allegations are denied.

192.    Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations in paragraph 192, and denies them on that basis.

193.    Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations in paragraph 193, and denies them on that basis.

194.    Denied as stated. Jefferson lacks sufficient information to form a belief as to the accuracy of the allegations in paragraph 194, and denies them on that basis.

<u>**COUNT I**</u>
<u>**(Violation of Title IX of the Education Amendments of 1972)**</u>
<u>**(Sex Discrimination)**</u>

195.    Jefferson repeats the responses set forth above as if fully set forth herein.

196.    Denied as stated. The allegations in paragraph 196 are conclusions of law to which no response is required. To the extent a response a required, the allegations are denied.

197.    Denied as stated. The allegations in paragraph 197 are conclusions of law to which no response is required. To the extent a response a required, the allegations are denied.

198.    Admitted in part; denied in part. It is admitted only that Jefferson receives federal funding. The remaining allegations are denied as Jefferson lacks sufficient information to form a belief as to the accuracy of the remaining allegations contained in paragraph 198 and deny the allegations on that basis.

199.    Denied as stated. The allegations in paragraph 199 are conclusions of law to which no response is required. To the extent a response a required, the allegations are denied.

200.    Denied as stated. The allegations in paragraph 200 are conclusions of law to which no response is required. To the extent a response a required, the allegations are denied.

PHIL1 9691712v.1

201.     Denied as stated. The allegations in paragraph 201 are conclusions of law to which no response is required. To the extent a response a required, the allegations are denied.

202.     Denied as stated. The allegations in paragraph 202 are conclusions of law to which no response is required. To the extent a response a required, the allegations are denied.[10]

203.     Denied that Plaintiff is entitled to the relief set forth in paragraph 203.

## COUNT II
## (Violation of Title IX of the Education Amendments of 1972)
## (Retaliation)

204.     Jefferson repeats the responses set forth above as if fully set forth herein.

205.     The allegations in Count II of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

206.     The allegations in Count II of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

207.     The allegations in Count II of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

208.     The allegations in Count II of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September

---

[10] Denied as stated. The allegations in Footnote 9 are conclusions of law to which no response is required. To the extent a response a required, the allegations are denied.

9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

209.	The allegations in Count II of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

210.	The allegations in Count II of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

211.	The allegations in Count II of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

212.	The allegations in Count II of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

213.	The allegations in Count II of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

214.    The allegations in Count II of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

215.    The allegations in Count II of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

216.    The allegations in Count II of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

217.    The allegations in Count II of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

218.    The allegations in Count II of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

219.    The allegations in Count II of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September

PHIL1 9691712v.1

9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

220.     The allegations in Count II of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

221.     The allegations in Count II of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

222.     The allegations in Count II of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

223.     The allegations in Count II of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

224.     The allegations in Count II of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

PHIL1 9691712v.1

225.     The allegations in Count II of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

<u>**COUNT III**</u>
<u>**Breach of Contract**</u>

226.     Jefferson repeats the responses set forth above as if fully set forth herein.

227.     The allegations in Count III of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

228.     The allegations in Count III of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

229.     The allegations in Count III of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

230.     The allegations in Count III of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

PHIL1 9691712v.1

231.    The allegations in Count III of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

232.    The allegations in Count III of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

233.    The allegations in Count III of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

## COUNT IV
## Intentional Infliction of Emotional Distress

234.    Jefferson repeats the responses set forth above as if fully set forth herein.

235.    The allegations in Count IV of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

236.    The allegations in Count IV of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

32

237.    The allegations in Count IV of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

238.    The allegations in Count IV of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

239.    The allegations in Count IV of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

<u>**COUNT V**</u>
<u>**Negligent Infliction of Emotional Distress**</u>

240.    Jefferson repeats the responses set forth above as if fully set forth herein.

241.    The allegations in Count V of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

242.    The allegations in Count V of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

243.     The allegations in Count V of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

244.     The allegations in Count V of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

245.     The allegations in Count V of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

246.     The allegations in Count V of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

247.     The allegations in Count V of Plaintiff's First Amended Complaint were dismissed by the Court in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021, and no response is required. To the extent a response is required, the allegations are denied.

## COUNT VI
## Tortious Interference with Business Relations

248.     Jefferson repeats the responses set forth above as if fully set forth herein.

249.     Denied as stated. The allegations in paragraph 249 are conclusions of law to which no response is required. To the extent a response a required, the allegations are denied.

250.     Denied as stated. The allegations in paragraph 250 are conclusions of law to which no response is required. To the extent a response a required, the allegations are denied.

251.     Denied as stated. The allegations in paragraph 251 are conclusions of law to which no response is required. To the extent a response a required, the allegations are denied.

252.     Admitted in part; denied in part. It is admitted only that Jefferson was aware that Plaintiff was employed by Rothman. The remaining allegations are denied. Jefferson specifically denies having knowledge regarding the nature of Plaintiff's contractual relationship with Rothman Orthopaedics. The remaining allegations in paragraph 252 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

253.     Denied as stated. The allegations in paragraph 253 are conclusions of law to which no response is required. To the extent a response a required, the allegations are denied.

254.     Denied as stated. The allegations in paragraph 254 are conclusions of law to which no response is required. To the extent a response a required, the allegations are denied.

255.     Denied as stated. The allegations in paragraph 255 are conclusions of law to which no response is required. To the extent a response a required, the allegations are denied.

256.     Denied as stated. The allegations in paragraph 256 are conclusions of law to which no response is required. To the extent a response a required, the allegations are denied.

## PRAYER FOR RELIEF

Jefferson denies that Plaintiff is entitled to any of the relief sought in the "PRAYER FOR RELIEF" paragraph that follows Paragraph 256.  Jefferson requests that this Court deny all relief set forth in the First Amended Complaint and award Defendants costs of suit and attorney's fees.

35

Jefferson specifically denies all relief set forth in subparts (ii)-(v) of the "PRAYER FOR RELIEF" paragraph on the grounds that this Court previously dismissed Plaintiff's claims in its Memorandum and Order Re: Defendants' Motion to Dismiss, dated September 9, 2021.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint, in whole or in part, fails to state a claim against Jefferson upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred or limited to the extent that Plaintiff failed to mitigate his damages, if any.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Jefferson acted, at all times, in good faith and based on legitimate, non-discriminatory, and non-retaliatory reasons.

### FOURTH AFFIRMATIVE DEFENSE

Jefferson has in place a well-established policy against discrimination, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities made available by Jefferson to avoid harm.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred because Jefferson made a good faith attempt to comply with the law by adopting policies and procedures designed to prevent unlawful discrimination.

### SIXTH AFFIRMATIVE DEFENSE

Any injury caused to Plaintiff was due, in whole or in part, to Plaintiff's own actions, inaction, and/or the negligence or acts of third parties.

PHIL1 9691712v.1

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because he lacks standing to assert such claims.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

Without waiving any defenses, Jefferson cannot be found to have violated Title IX because it had policies designed to prevent and correct harassment and, upon notice of the alleged sexual assault in Plaintiff's complaint, Jefferson took prompt and effective action to investigate such claims.

## TENTH AFFIRMATIVE DEFENSE

Without waiving any defenses, Jefferson cannot be found liable under Title IX for any sexual misconduct or assault alleged by Plaintiff because it occurred off-campus and under circumstances over which Jefferson does not exercise substantial control.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, release, waiver, and estoppel.

Respectfully submitted,

KLEHR HARRISON HARVEY
BRANZBURG LLP

Dated: September 24, 2021          By:     */s/ Stephanie D. Wolbransky*
                                           William A. Harvey (No. 25344)
                                           Lisa A. Lori (No. 83814)
                                           Stephanie D. Wolbransky (No. 326356)
                                           1835 Market Street, Suite 1400
                                           Philadelphia, PA 19103
                                           Telephone: (215) 569-2700
                                           Fax: (215) 568-6603
                                           wharvey@klehr.com
                                           llori@klehr.com
                                           swolbransky@klehr.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 24, 2021, I electronically filed the foregoing Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, which was made available for viewing and downloading via the electronic case filing (ECF) system, and sent via first-class mail, to the following counsel of record:

Andrew T. Miltenberg
Stuart Bernstein
Cindy Singh
Nesenoff & Miltenberg LLP
363 Seventh Ave., 5th Floor
New York, NY 10001
amiltenberg@nmllplaw.com
sbernstein@nmllplaw.com
csingh@nmllplaw.com

Lance Rogers
Rogers Counsel
26 E. Athens Avenue
Ardmore, PA 19003
lance@rogerscounsel.com

Attorneys for Plaintiff

*/s/ Stephanie D. Wolbransky*
Stephanie D. Wolbransky