

| | Ira S. Nesenoff<br>Andrew T. Miltenberg | Barbara H. Trapasso<br>Gabrielle M. Vinci<br>Kara L. Gorycki | Philip A. Byler<br>Diana R. Warshow<br>Susan E. Stark |
|---|---|---|---|
| | Stuart Bernstein<br>Tara J. Davis | Cindy A. Singh<br>Nicholas E. Lewis<br>Adrienne D. Levy<br>Regina M. Federico<br>Amy Zamir<br>Kristen E. Mohr | Janine L. Peress<br>*Senior Litigation Counsel*<br><br>Jeffrey S. Berkowitz<br>Rebecca C. Nunberg<br>*Counsel*<br><br>Marybeth Sydor<br>*Title IX Consultant* |

ATTORNEYS AT LAW
**nmllplaw.com**

**August 17, 2022**

<u>**VIA EMAIL**</u>
Klehr Harrison Harvey Branzburg LLP
Lisa A. Lori, Esq.
Stephanie D. Wolbransky, Esq.
William A. Harvey, Esq.
1835 Market Street, Suite 1400
Philadelphia, PA 19103
LLori@klehr.com
SWolbransky@klehr.com
WHarvey@klehr.com

         **Re:**   *Abraham v. TJU and TJUH*
               **Civil Action No. 2:20-cv-02967**

Dear Ms. Lori, Ms. Wolbransky, and Mr. Harvey:

      As you are aware, this office represents Plaintiff, John A. Abraham in the above captioned matter. I write to point out certain deficiencies in Defendants' Responses and Objections to Plaintiff's First Request for Production of Documents.

      **A. Defendants' Deficiencies in Their General Objections to Plaintiff's Document Requests**

      Defendants set forth numerous general and specific objections to Plaintiff's Document Requests that unduly limit the scope of their responses. As described in detail below, Defendants must take additional steps to satisfy their obligations under the discovery rules. If, however, Defendants claim that they have no documents responsive to a particular Request, then please advise us of the same so that we do not waste time on unnecessary discovery disputes.



### B. Defendants' General "Vague, Ambiguous, Overboard, Compound, Disjunctive, Burdensome, and Oppressive" Objection Is Not Warranted

Defendants generally object to Plaintiff's Requests on the ground that they are "vague and ambiguous" "overbroad" or burdensome. Yet, Plaintiff's Requests are limited in time and scope. Unless otherwise specified, Defendants are required to produce all documents from January 1, 2018 through the present. Moreover, Plaintiff has limited the requests to be narrow in scope.

Accordingly, to the extent that Defendants have withheld any relevant information or documents, as referenced in, but not limited to Response Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 35, 36, 37, 40, 42, 43, 44, 46, 48, 49, 50, 51, 52, 54, 55, 56, 57, 58,  60, under the claim that such Requests are "vague and ambiguous" "overbroad" or "burdensome", Plaintiff requests that Defendants provide such documents forthwith, or otherwise confirm that Defendants are not withholding any responsive documents in their possession or control based wholly or in part on their assertion that the Request is supposedly "vague", "ambiguous", "overbroad" or "burdensome".

### C. Defendants Rely on the Incorrect Discoverability Standard

Defendants generally object to Plaintiff's Document Requests on the ground that they seek "information that is neither relevant nor material to any issue in this litigation or likely to lead to the discovery of admissible evidence." In so doing, Defendants rely on the incorrect standard for what is discoverable under the Federal Rules. Specifically, the 2015 Amendment to the Federal Rule of Civil Procedure 26(b)(1) eliminated the "neither relevant nor reasonably calculated to lead to the discovery of admissible evidence" standard. The Advisory Committee Notes on the 2015 Amendment to the Federal Rule of Civil Procedure 26(b)(1), makes clear that "[i]nformation is discoverable under revised Rule 16(b)(1) if it is relevant to any party's claim or defense and is proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) Advisory Committee Note (2015).

To the extent that Defendants have withheld any relevant information or documents on the previous Rule 26(b)(1) standard, that are discoverable under the amended Rule 26(b)(1) standard, Plaintiff requests that Defendants provide such documents forthwith, or otherwise confirm that Defendants are not withholding any responsive documents on the grounds that they are neither relevant to any party's claim or defense, nor are they not proportional to the needs of the case.

Accordingly, to the extent that Defendants have withheld any relevant information or documents, as referenced in, but not limited to Response Nos. 1, 2, 3, 4, 5, 7,8, 9, 10, 12, 15, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 35,  36, 37, 40, 42, 43, 44, 45, 46, 48, 49, 50, 51, 52, 54, 55, 56, 57, 58, under the claim that such Requests seek "information that is neither relevant nor material to any issue in this litigation or likely to lead to the discovery of admissible evidence," Plaintiff requests that Defendants provide such documents forthwith, or otherwise confirm that Defendants are not withholding any responsive documents in their possession or



control based wholly or in part on their assertion that the Request seeks "information that is neither relevant nor material to any issue in this litigation or likely to lead to the discovery of admissible evidence."

### D. All Documents Withheld Pending Entry of a Confidentiality and Protective Order Must be Produced.

Defendants state in their responses to document Requests Nos_1, 7, 8, 10, 12, 14, 18, 24, 32, 33, 34, 36, 37, 40, 52, 53, 54, 55, 56, 57, 58, 60, that Defendants will produce non-privileged responsive documents upon the entry of an appropriate Confidentiality and Protective Order. A Stipulation and Protective Order was entered on the docket, five (5) months ago on March 17, 2022. Accordingly, Defendants are required to produce all documents withheld based upon the aforementioned objection.

### E. Attorney Client Privilege and Work Product

Defendants have objected to numerous document demands on the ground that, *inter alia*, responsive documents are purportedly protected by the attorney-client privilege and the work product doctrine. Plaintiff disagrees with the conclusion that information relating to Jane Roe's Complaint, the investigation and Report of Jane Roe's Complaint and Plaintiff's Title IX case are protected from discovery as the result of attorney-client privilege or work product doctrine. Specifically, the investigation was undertaken pursuant to Defendants' Title IX policies and the purpose of the investigation was to comply with said policies and **not** to secure either an opinion of law, legal services or assistance in a legal matter *Doe 1 v Baylor Univ.*, 335 FRD 476 [WD Tex 2020]. Accordingly, please identify and produce all documentation responsive to Request Nos. 2, 3, 4, 5, 6,7, 8, 9, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 42, 43, 44, 46, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 60, without regard to these objections, or otherwise confirm that Defendants are not withholding any responsive documents.

### F. Confidential Information Must be Produced Subject to the Stipulation and Protective Order

Defendants object to Requests Nos. 2, 3, 4, 5, 6, 7, 9, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 30, 31, 32, 33, 34, 35, 36, 37, 48, 49, 50, 58, 60 on the grounds that, *inter alia*, the information requested is confidential to [Defendants] and/or non-parties. Defendants' objections



are improper and insufficient to obviate Defendants' discovery obligations under the Federal Rules. Moreover, as the parties have duly executed a Confidentiality Agreement and Protective Order with respect to the exchange and production of Discovery Materials, any "privacy rights" implicated in the production of personnel files has been adequately protected. Accordingly, please identify and produce all documentation responsive to Request Nos. 2, 3, 4, 5, 6, 7, 9, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 30, 31, 32, 33, 34, 35, 36, 37, 48, 49, 50, 58, 60 without regard to these objections, or otherwise confirm that Defendants are not withholding any responsive documents.

### G. Documents Related to Prior Complaints are Discoverable

Request No. 46 demands production of, *inter alia*, "Documents and communications reflecting all reports-formal or informal-of possible sexual misconduct at TJU since 2010" and Request No. 47 demands production of, *inter alia*, "Documents and communications reflecting all reports-formal or informal-of possible sexual misconduct at TJU since 2010". Defendants object to these demands on various grounds including "that its is vague and ambiguous in that it requests all reports of 'possible' sexual misconduct, and it is unclear to what Plaintiff is referring. Defendants' objections are improper and insufficient to obviate Defendants' discovery obligations under the Federal Rules. Furthermore, Plaintiff is entitled to any documents evidencing prior complaints of a similar nature to Plaintiff's claims in the instant action. *See T.M. v. Elwyn, Inc. et al., 850 A2d 1050, 2008 PA Super 113 (2008)* Accordingly, please identify and produce all documentation responsive to Request No. 46 and 47 without regard to these objections, or otherwise confirm that Defendants are not withholding any responsive documents.

These documents requests are of a continuing nature, If Defendants acquire possession, custody or control, or become aware of any additional documents responsive to this document request after the service of Defendants' responses thereto, Defendants shall promptly furnish such additional documents to the undersigned attorneys for inspection and photocopying.

Please feel free to contact my office should you have any questions. Thank you.

**Very truly yours,**

**NESENOFF & MILTENBERG, LLP**

**By: /s/   Amy Zamir, Esq._____**
   Andrew T. Miltenberg, Esq.
   Amy J. Zamir, Esq.

363 Seventh Avenue | 5th Floor | New York, NY | 10001 | T: 212.736.4500

101 Federal Street | 19th Floor | Boston, MA | 02110 | T: 617.209.2188

4 Palo Alto Square | 3000 El Camino Real | Suite 200 | Palo Alto, CA | 94306 | T: 650.209.7400