

Stephanie D. Wolbransky
**Direct Dial**: 215-569-1959
**Email**: SWolbransky@klehr.com

September 8, 2022

**VIA EMAIL**
Andrew T. Miltenberg
Stuart Bernstein
Amy Zamir
Nesenoff & Miltenberg LLP
363 Seventh Avenue, 5th Floor
New York, NY 10001-3904
amiltenberg@nmllplaw.com
sbernstein@nmllplaw.com
azamir@nmllplaw.com

**Re: John A. Abraham, M.D. v. Thomas Jefferson University, et al., No. 20-cv-02967-MMB**

Dear Counsel:

This letter is in response to your August 17, 2022 correspondence on behalf of Plaintiff purporting to identify deficiencies in Defendants' discovery responses and document production. Any supplemental responses made herein are subject to and without waiver of Defendants' Responses and Objections to Plaintiff's discovery requests, and Defendants reserve the right to dispute any further claims of additional or remaining deficiencies. However, Defendants submit this response in a good faith effort to resolve the issues raised in your letter.

As a preliminary matter, to address an overarching issue in your letter, Defendants disagree with Plaintiff's contentions that they failed to produce responsive documents. Defendants agreed to produce "nonprivileged responsive documents, *if any exist*" (emphasis added). Defendants conducted reasonable searches of the records in their possession, custody, and control. With respect to numerous requests, as set forth more fully below, Defendants have not identified any additional responsive, non-objectionable documents, and thus, no responsive documents will be produced.

For your ease of review, Defendants respond to each subcategory identified in your correspondence as follows:



**A. <u>"Defendants' General 'Vague, Ambiguous, Overbroad, Compound, Disjunctive, Burdensome, and Oppressive' Objection"</u>**

While Defendants objected to numerous requests on the grounds that they were overbroad, unduly burdensome, and/or vague and ambiguous, Defendants did not withhold any documents solely on this basis. Indeed, to the extent Defendants had documents responsive to the Document Requests, notwithstanding these objections, they were already produced, with the exception of the categories of documents in which Defendants also objected on other grounds, such as attorney-client privilege or attorney work product.

**B. <u>"The Discoverability Standard"</u>**

Plaintiff takes issue with Defendants' General Objection as to the discoverability of specific documents. However, the language Defendants used to propound their objection comes directly from Federal Rule of Civil Procedure 26. Indeed, the phrase "material to any issue in this litigation" is not part of Defendants' General Objection. Defendants are well aware of the discoverability standard, as reflected by their objection.

**C. <u>"Documents Purportedly Withheld Pending Entry of a Confidentiality and Protective Order"</u>**

Plaintiff mistakenly claims that Defendants have not produced documents that are subject to the parties' Stipulation and Protective Order. By way of background, Defendants made two document productions in connection with Plaintiff's discovery requests. Defendants' first document production, bearing Bates labels JEFFERSON000001- JEFFERSON000262, was produced to counsel for Plaintiff via email on March 17, 2022. Similarly, after the parties entered into the Stipulation and Protective Order, Defendants supplemented their document production on March 31, 2022, which included documents bearing Bates labels JEFFERSON_000263-JEFFERSON_000474. These documents were initially withheld given their confidential nature, but were promptly produced by Defendants upon agreement and entry of the order. Thus, Defendants have not withheld responsive, confidential documentation.

**D. <u>"Attorney Client Privilege and Work Product"</u>**

On March 31, 2022, when Defendants served their supplemental document production, they also served a privilege log outlining the grounds on which they withheld documents from their production. The Title IX investigation report underlying this matter is and remains protected from disclosure by the attorney client privilege, as the investigation was conducted by Defendants' legal counsel, at Defendants' request, and the investigation report and findings were created and


maintained in the course and scope of the attorney-client relationship. Further, Plaintiff relies upon caselaw from a federal court outside the Third Circuit and Eastern District of Pennsylvania to support his position related to the privileged nature of the investigation report. Indeed, in the Eastern District of Pennsylvania, attorneys who investigate complaints and conduct interviews within an organization are entitled to protection under the attorney-client privilege. *E.g.*, *Ziner v. Cedar Crest College*, Civ. A. No. 04-3491, 2006 WL 8409873, at *3 (E.D. Pa. May 30, 2006); *see also* *Harding v. Dana Transport, Inc.*, 914 F.Supp. 1084, 1091 (D.N.J.1996) (investigation of sexual harassment complaints in a company by an attorney falls within the purview of attorney activity). Thus, the Title IX report was properly placed on Defendants' privilege log and was appropriately withheld on the basis of attorney-client privilege.

**E. "Confidential Information"**

In his complaint filed in this matter, Plaintiff alleged an individual claim of gender discrimination against Defendants. To be clear, Plaintiff never asserted any claim, prior to this litigation, that Defendants had discriminated against him. Any purported claim of gender discrimination by other individuals are not relevant to the claims or defenses in this action. Moreover, Plaintiff's request is vague and ambiguous on the grounds that your letter requests "personnel files," whereas, in the discovery requests, Plaintiff requested "completed files." Thus, it is unclear whether Plaintiff is seeking "personnel" or "completed" files and Defendants seek clarification. To the extent Plaintiff seeks "completed" files, this term is vague, ambiguous and undefined, and Defendants maintain their objections. Further, to the extent Plaintiff is requesting "personnel files," Plaintiff is not entitled to the personnel records of other Jefferson employees, as they are not responsive to the Requests.

**F. "Documents Related to Prior Complaints"**

Defendants maintain their objections with respect to Request Nos. 46 and 47. Indeed, Plaintiff's requests sought documents related to "**possible**" sexual misconduct, which is an undefined term subject to multiple interpretations. Now, Plaintiff is seeking documents evidencing "prior complaints of a similar nature," which again, is vague and ambiguous and capable of different meanings. The only reasonable interpretation of Plaintiff's request is that it seeks documents evidencing complaints by a faculty member/attending physician that he was allegedly sexually assaulted by a resident physician.[1] To that end, Defendants are not aware of any documents in their possession, custody or control responsive to this request.

---

1 Defendants base this interpretation on Plaintiff's claim that he raised such an allegation to Defendants. Defendants of course deny that Plaintiff ever made such an allegation.



We trust this correspondence satisfies your concerns regarding Defendants' discovery responses. However, we are available to meet and confer at your convenience to the extent you believe it is necessary.

Very truly yours,

*/s/ Stephanie D. Wolbransky*

Stephanie D. Wolbransky

SDW:

cc: Lisa A. Lori
William A. Harvey
Lance A. Rogers