**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
-------------------------------------------------------------------x
**JOHN A. ABRAHAM, M.D.,**  |   **Civil Action No.**
  |  **2:20-cv-02967-MMB**
                       **Plaintiff,**  |

   **-against-**  |

**THOMAS JEFFERSON UNIVERSITY**  |
**and THOMAS JEFFERSON UNIVERSITY**  |
**HOSPITALS, INC.**  |
                    **Defendants.**  |
-------------------------------------------------------------------x

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE** that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff John A. Abraham, M.D. ("Plaintiff" or "Dr. Abraham"), by and through his attorneys Nesenoff & Miltenberg, LLP and Rogers Counsel hereby requests that Defendants Thomas Jefferson University and Thomas Jefferson University Hospitals, Inc. ("Defendants") produce and make available for inspection and copying the documents described herein which are in their possession, custody or control, within thirty (30) days, or at such other time and place as agreed by the parties.

### DEFINITIONS AND INSTRUCTIONS

1. The definitions and rules of construction set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Eastern District of Pennsylvania are hereby incorporated by reference.

2. In addition to the foregoing, the word "document" shall have the broadest meaning possible and shall include any medium by which information can be recorded, conveyed, or retrieved, and shall include the original (or a copy when the original is not available) and each non-

identical copy, regardless of origin, of, including and not limited to: any "communication" as described herein, book, scrapbook, notebook, pamphlet, periodical, letter, email, note, notice, electronic document, voicemail, recording, text message, image, photograph, postcard, memorandum, invoice, bill, order form, receipt, financial statement, accounting entry, diary, minutes, journal, summary, calendar, desk pad, scratch paper, telex, teletype, telefax, telegram, cable, facsimile, report, record, press release, contract, statement, return, bulletin, computer printout, circular, phone record, agreement, study, specification, blueprint, handwritten note, worksheet, working paper, catalog, chart, graph, paper, print, drawing, sketch, form, index, list, cassette, disk, screenshot, tape, microfilm, microfiche, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, including digital and electronically stored information, data, files and metadata, however produced or reproduced, and regardless of where located.

3. "Communication" shall mean the transmittal of information in any form or format whatsoever, including but not limited to oral conversation, sign language, telephone conversation, text message, instant message, social media message or post, smartphone or computer application or program, Skype, Facetime, written correspondence, email, memoranda, notes, facsimile, recording, voicemail.

4. "Concerning" means concerning, mentioning, discussing, relating to, describing, reflecting, constituting and/or evidencing.

5. The words "all," "every," "any," "each," "one or more," and "including," shall include each other whenever possible to expand, not restrict, the scope of the request. The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the request. The word "including" shall not be used to limit any general category or description that precedes it.

6. Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural also shall include a reference to the singular. Use of male pronouns shall be deemed to include the female pronouns, and vice versa, and the same applies to gender-neutral pronouns. The use of any tense of any verb shall be considered to include within its meaning all other tenses of the verb.

7. The "Amended Complaint" means Plaintiff's Amended Complaint filed in the Eastern District of Pennsylvania on April 12, 2021 under Case No. 2:20-cv-02967.

8. The "Answer" means Defendants' Answer filed on September 24, 2021.

9. "Plaintiff" means the Plaintiff, Dr. John A. Abraham.

10. "Defendants" means Thomas Jefferson University and Thomas Jefferson University Hospitals, Inc. as identified in the Amended Complaint.

11. "Individual" means any natural person, firm, partnership, association, corporation, or other legal, business or governmental entity.

12. "TJU" means all administrators, faculty, staff, employees, officers and agents of Thomas Jefferson University during the timeframes identified herein.

13. "TJUH" means all administrators, faculty, staff, employees, officers and agents of Thomas Jefferson University Hospitals, Inc. during the timeframes identified herein.

14. The "Incident" means the sexual encounter between Plaintiff and "Jane Roe" on or about June 23, 2018, and the events immediately leading up to and following that encounter, as alleged in the Amended Complaint.

15. The "Jane Roe Complaint" means the complaint/report filed by or on behalf of Jane Roe with Defendants in June, 2018 concerning the Incident.

16. "Dr. Abraham's Complaint" means the complaint/report initially made by Plaintiff in June, 2018 that i) Roe had engaged in sexual misconduct against Dr. Abraham; and ii) that Roe's complaint against Dr. Abraham was retaliatory. (*See e.g.* Amended Complaint at ¶¶151-156)

17. "Plaintiff's Title IX Case" means the disciplinary process imposed/conducted by Defendants against Plaintiff described in the Amended Complaint.

18. "Sexual misconduct" as used herein refers to any form of sexual misconduct, including without limitation sexual harassment; dating violence, nonconsensual kissing; nonconsensual sexual contact, penetration, or oral sex; and nonconsensual sexual intercourse.

19. "Possession," "custody" or "control" includes the joint or several possession, custody or control not only by the person or persons to whom these requests are addressed, but also the joint or several possession, custody or control by each or any person acting or purporting to act on behalf of the person, whether as an employee, attorney, accountant, agent, sponsor, spokesperson or otherwise.

20. Unless otherwise specified, the documents requested herein refer to the timeframe from January 1, 2018 to present.

21. Defendants shall comply with Federal Rule of Civil Procedure 34(b) by producing said documents as they are kept in the usual course of business or shall label and organize them to correspond with the categories in these requests.

22. Defendants shall specifically identify and correlate the produced documents to the Requests herein, identifying which documents are responsive to each Request, by number. Defendants may identify groups of documents by Bates range, for convenience. To the extent that any document or group of documents is responsive to more than one Request, such documents

shall not be produced over again in response to each Request, but rather, Defendants shall identify all Requests to which the produced documents are responsive.

23. All documents must be produced in their entirety, including all attachments and enclosures. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or other container must be attached to the document.

24. The requests contained herein shall be deemed to be continuing. Defendants shall supplement their responses in full compliance with Federal Rule of Civil Procedure 26(e). If after a response has been served, Defendants or their attorneys or representatives become aware of additional responsive information and documents, such additional information and documents shall be produced promptly at the office of Nesenoff & Miltenberg, LLP, 363 Seventh Avenue-Fifth Floor, New York, New York 10001, or at such other time and place as agreed by the parties.

25. If any document was, but is no longer, in the possession of the Defendants or subject to the control of the Defendants, state whether the document: (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) is otherwise disposed of, and in each instance, explain the circumstances of such disposition, and state the approximate date thereof.

26. If Defendants object or fail to respond to any of the following requests, or any portions there of, state specifically the reason for the objection or failure to respond and produce documents responsive to that part of the request to which no objection is made.

27. If any privilege or immunity is asserted with respect to any document requested herein, identify each such document as required by Federal Rule of Civil Procedure 26(b) by stating: (i) the type of document (*e.g.*, letter, memoranda); (ii) the general subject matter of the

5

document; (iii) the date of the document; (iv) the author of the document, all addressees and recipients, the relationship of the author, addressees and recipients to each other; (v) the present location or custodian of the document; and (vi) the nature of the privilege or immunity claimed and the basis therefor.

28. If there are no responsive documents to these requests, or any portion of these requests, state that fact in writing.

## DOCUMENT REQUESTS

### Request No. 1

Plaintiff's complete employment file and disciplinary record.

### Request No. 2

The complete file maintained by Defendants regarding Jane Roe's Complaint, the investigation of Jane Roe's Complaint, and Plaintiff's Title IX case.

### Request No. 3

The complete file maintained by Defendants regarding Dr. Abraham's Complaint.

### Request No. 4

The complete file maintained by Defendants regarding the investigation of Dr. Abraham's Complaint.

### Request No. 5

All documents and communications concerning Defendants' receipt of any report concerning the Incident, and all documents and communications concerning the Incident itself.

### Request No. 6

All documents and communications concerning Defendants' decision to initiate a formal investigation of the Jane Roe Complaint.

**Request No. 7**

A copy of Jane Roe's initial complaint or initial report made to the Title IX's Office.

**Request No. 8**

A copy of Jane Roe's initial complaint or report made to Dr. Jim Purtill on or about June 26, 2018.

**Request No. 9**

All internal documents and communications concerning Defendants' investigation of Plaintiff's Title IX case.

**Request No. 10**

All training materials, directions, or instructions provided by Defendants to any employee or agent who is designated, under Defendants' applicable policies, as a "mandatory reporter" of any incident of sexual misconduct

**Request No. 11**

All training materials, directions, or instructions concerning the investigation and adjudication of sexual misconduct matters provided by Defendants to any employee or agent who was involved in Plaintiff's Title IX case.

**Request No. 12**

All training materials, directions, or instructions concerning the investigation and adjudication of sexual misconduct matters provided by Defendants to any employee or agent who was involved in any respect with Dr. Abraham's Complaint.

**Request No. 13**

Copies of all policies and procedures applicable to Plaintiff's Title IX case.

**Request No. 14**

Copies of all policies and procedures applicable to Dr. Abraham's Complaint.

**Request No. 15**

All internal correspondence, notes, and memoranda concerning Dr. Abraham's reports that i) Roe had engaged in sexual misconduct against him and ii) Roe's Title IX complaint against him was retaliatory, including without limitation Defendants' internal correspondence and memoranda concerning Dr. Abraham's communications with Dr. Alex Vaccaro on June 26, 2018.

**Request No. 16**

A copy of all evidence obtained and reviewed by Investigator Gaetan Alfano in connection with Plaintiff's Title IX case, including without limitation, documentary evidence, photographic evidence, audio recordings, or video evidence.

**Request No. 17**

A copy of all evidence obtained and reviewed by Investigator Gaetan Alfano in connection with Dr. Abraham's Complaint, including without limitation, documentary evidence, photographic evidence, audio recordings, or video evidence.

**Request No. 18**

Jane Roe's medical records, including any report by a Sexual Assault Nurse Examiner or rape kit, obtained and reviewed by Investigator Gaetan Alfano in connection with Plaintiff's Title IX case.

**Request No. 19**

A copy of all written statements by Jane Roe obtained and reviewed by Investigator Gaetan Alfano in connection with Plaintiff's Title IX case.

**Request No. 20**

A copy of all written statements by Jane Roe obtained and reviewed by Investigator Gaetan Alfano in connection with Dr. Abraham's complaint.

**Request No. 21**

A copy of all witness statements obtained and reviewed by Investigator Gaetan Alfano in connection with Plaintiff's Title IX case, including the notes by the Investigator or Investigator's agent used to prepare each witness statement. If witness interviews were recorded, the recording should be provided.

**Request No. 22**

A copy of all witness statements obtained and reviewed by Investigator Gaetan Alfano in connection with Dr. Abraham's Complaint, including the notes by the Investigator or Investigator's agent used to prepare each witness statement. If witness interviews were recorded, the recording should be provided.

**Request No. 23**

All correspondence and communications between Investigator Gaetan Alfano or his agent and any individual who was identified, interviewed, or contacted but not interviewed, as a witness in Plaintiff's Title IX case.

**Request No. 24**

All correspondence and communications between Alex Vaccaro and any other person or person(s) concerning the Plaintiff, Jane Roe, the Incident, Dr. Abraham's Complaint and the Jane Roe Complaint.

**Request No. 25**

All correspondence and communications between employees in Defendants' Title IX

Office and Investigator Gaetan Alfano concerning Plaintiff's Title IX case.

**Request No. 26**

All correspondence and communications between employees in Defendants' Title IX Office and Investigator Gaetan Alfano and/or any agent of Investigator Alfano concerning Dr. Abraham's Complaint.

**Request No. 27**

All documents and communications considered, reviewed, utilized, discussed, referenced, relied upon and/or prepared in connection with drafting the Investigation Report(s) in Plaintiff's Title IX case, including without limitations any notes prepared by Investigator Gaetan Alfano, Esq. or his agent.

**Request No. 28**

All documents and communications considered, reviewed, utilized, discussed, referenced, relied upon and/or prepared in connection with drafting the Investigation Report(s) in Dr. Abraham's Complaint, , including without limitations any notes prepared by Investigator Gaetan Alfano, Esq. or his agent.

**Request No. 29**

The Investigative Report concerning the Incident in question, including all metadata, authors and document revision history, drafts, comments by Roe or her representatives, and any exhibits / supporting documentation.

**Request No. 30**

The Investigative Report concerning the Jane Roe Complaint, including all metadata, authors and document revision history, drafts, comments by Roe or her representatives, and any exhibits / supporting documentation.

**Request No. 31**

The Investigative Report concerning Dr. Abraham's Complaint, including all metadata, authors and document revision history, drafts, comments by Roe or her representatives, and any exhibits / supporting documentation.

**Request No. 32**

All correspondence between Defendants and Plaintiff concerning Plaintiff's Title IX case.

**Request No. 33**

All correspondence between Defendants and Plaintiff concerning Dr. Abraham's Complaint.

**Request No. 34**

All documents and communications from, to, or between Defendants or Defendants' agents and any law enforcement agency or agent, such as police or prosecutor(s), concerning Plaintiff or Jane Roe.

**Request No. 35**

All documents and communications concerning Plaintiff from January 1, 2018 to present.

**Request No. 36**

Any sexual misconduct complaints or reports made by Jane Roe to Defendants from August 1, 2010 to present.

**Request No. 37**

Any sexual misconduct complaints or reports made against Jane Roe to Defendants from August 1, 2010 to present.

**Request No. 38**

All documents and communications demonstrating the qualifications and training of Investigator Gaetan Alfano to investigate and adjudicate Title IX/sexual misconduct claims.

**Request No. 39**

All documents and communications demonstrating the qualifications and training of Title IX Coordinator Zoe Gingold to investigate and adjudicate Title IX/sexual misconduct claims.

**Request No. 40**

All of Defendants' training manuals, rules, guides, programs, modules, policies, practices, or procedures, whether formal or informal, concerning receiving, handling, evaluating, investigating, or adjudicating Title IX complaints/complaints of sexual misconduct, including all documents and communications concerning changes to or interpretations of such training manuals, rules, guides, programs, modules, policies, practices, or procedures, from August 1, 2010 to present.

**Request No. 41**

A complete and current resume and curriculum vitae for Investigator Gaetan Alfano and any other individual who participated in the investigation of Plaintiff's Title IX Case, the Incident, or Dr. Abraham's Complaint.

**Request No. 42**

All documents and communications concerning any complaint, whether formal or informal, made against or concerning Investigator Alfano.

**Request No. 43**

All documents and communications concerning any complaint, whether formal or informal, made against or concerning Zoe Gingold, Title IX Coordinator.

**Request No. 44**

All documents and communications concerning any complaint, whether formal or informal, made against or concerning Jennifer Fogerty, Plaintiff's assigned Title IX advisor (see ¶44 of the Amended Complaint).

**Request No. 45**

All documents and communications demonstrating the qualifications and training of Jennifer Fogerty in the investigation and adjudication Title IX/sexual misconduct claims and in Defendants' policies concerning the investigation and adjudication of Title IX/sexual misconduct claims.

**Request No. 46**

    a. Documents and communications reflecting all reports—formal or informal—of possible sexual misconduct at TJU since 2010;

    b. All formal complaints of possible sexual misconduct at TJU since 2010;

    c. For each of the above, produce all documents and communications demonstrating:

        i. the gender of the complainant;

        ii. the gender of the respondent;

        iii. the alleged policy violation(s);

        iv. the names of the investigator(s);

        v. the names of the adjudicator(s);

        vi. the outcome/findings of responsibility as to each alleged violation

        vii. the sanctions (if any)

        viii. whether an appeal was filed, and if so:

            A. the names of the Appeal Panel members

      B. the outcome/resolution of the appeal, and

      C. the number of calendar days between the submission of the Appeal and the resolution of the Appeal.

**NOTE**: Defendants may produce a chart or similar summary of such information in lieu of producing the documents in full, provided the summary is certified, pursuant to 20 U.S.C. 1746, as complete and accurate, by an individual with direct personal knowledge.

**Request No. 47**

    a. Documents and communications reflecting all reports—formal or informal—of possible sexual misconduct at TJUH since 2010;

    b. All formal complaints of possible sexual misconduct at TJUH since 2010;

    c. For each of the above, produce all documents and communications demonstrating:

        i. the gender of the complainant;

        ii. the gender of the respondent;

        iii. the alleged policy violation(s);

        iv. the names of the investigator(s);

        v. the names of the adjudicator(s);

        vi. the outcome/findings of responsibility as to each alleged violation

        vii. the sanctions (if any)

        viii. whether an appeal was filed, and if so:

            A. the names of the Appeal Panel members

            B. the outcome/resolution of the appeal, and

            C. the number of calendar days between the submission of the Appeal and the resolution of the Appeal.

**NOTE**: Defendants may produce a chart or similar summary of such information in lieu of producing the documents in full, provided the summary is certified, pursuant to 20 U.S.C. 1746, as complete and accurate, by an individual with direct personal knowledge.

**Request No. 48**

All documents and communications concerning any complaints filed with the United States Department of Education against TJU relating to sex or gender, and any responses or other communications from TJU to the Department of Education, since 2011.

**Request No. 49**

All documents and communications concerning any complaints filed with the United States Department of Education against TJUH relating to sex or gender, and any responses or other communications from TJUH to the Department of Education, since 2011.

**Request No. 50**

All correspondence between Defendants and any third party concerning: (i) sex and gender, (ii) Title IX and/or sexual misconduct, (iii) the "MeToo" movement and/or "rape culture"; and/or (iv) alcohol use/abuse and sex, gender, or sexual misconduct, from January 1, 2010 to present.

**Request No. 51**

All internal correspondence concerning: (i) Title IX and/or sexual misconduct, (ii) the "MeToo" movement and/or "rape culture"; and/or (iii) alcohol use/abuse and sex, gender, or sexual misconduct, from January 1, 2010 to present.

**Request No. 52**

All correspondence and communications between agents and employees of Defendants and agents and employees of Rothman Orthopaedic Institute concerning Plaintiff from January 1, 2018 to present.

**Request No. 53**

All documents and communications between agents and employees of Defendants and agents and employees of Rothman Orthopaedic Institute concerning the restrictions described in Paragraph 186 of the Amended Complaint.

**Request No. 54**

All of Defendants' internal correspondence and memoranda concerning the restrictions against Dr. Abraham described in Paragraph 186 of the Amended Complaint.

**Request No. 55**

All correspondence and communications between agents and employees of Defendants and agents and employees of Rothman Orthopaedic Institute concerning the restrictions described in Paragraph 190 of the Amended Complaint.

**Request No. 56**

All of Defendants' internal correspondence and memoranda concerning the restrictions against Dr. Abraham described in Paragraph 190 of the Amended Complaint.

**Request No. 57**

All of Defendants' internal correspondence, communications, and memoranda concerning Dr. Abraham's leave of absence from the hospital, including without limitation instructions to staff on how to communicate his status to patients and physicians seeking to refer patients to Dr. Abraham during his leave of absence.

**Request No. 58**

All correspondence and communications between Dr. Jim Purtill and any other person or person(s) concerning the Plaintiff, Jane Roe, the Incident, Dr. Abraham's Complaint and the Jane Roe Complaint.

**Request No. 59**

All other documents and communications that Defendants intend to rely upon in their defense of this matter.

**Request No. 60**

All documents and communications referenced or relied upon by Defendants in responding to Plaintiff's Interrogatories.

**Dated: New York, New York**
      **November 12, 2021**

                                      **Respectfully submitted,**

                                      **NESENOFF & MILTENBERG, LLP**

                                      **By:/s/** *Andrew T. Miltenberg*
                                             **Andrew T. Miltenberg, Esq.**
                                             **Stuart Bernstein, Esq.**
                                             **Cindy A. Singh, Esq.**
                                             **363 Seventh Avenue, Fifth Floor**
                                             **New York, New York 10001**
                                             **(212) 736-4500**
                                             **amiltenberg@nmllplaw.com**
                                             **sbernstein@nmllplaw.com**
                                             **csingh@nmllplaw.com**

                                      **ROGERS COUNSEL**
                                      **By:/s/** *Lance Rogers*
                                             **Lance Rogers, Esq.**
                                             **26 East Athens Avenue**
                                             **Ardmore, Pennsylvania**
                                             **(610) 228-0222**
                                             **lance@rogerscounsel.com**

## **CERTIFICATE OF SERVICE**

I certify that on November 12, 2021, I transmitted the foregoing document, i.e. Plaintiff's First Request for the Production of Documents to Defendants' counsel of record via email:

**KLEHR HARRISON HARVEY BRANZBURG LLP**
William A. Harvey
Lisa A. Lori
Stephanie Wolbransky
1835 Market Street, Suite 1400
Philadelphia, PA19103
Telephone: 215-569-2700
Fax: 215-568-6603
wharvey@klehr.com
llori@klehr.com
swolbranksy@klehr.com
*Attorneys for Defendants*

**NESENOFF & MILTENBERG, LLP**

By: *Andrew T. Miltenberg*
   Andrew T. Miltenberg
   Stuart Bernstein
   Cindy Singh
 363 Seventh Avenue, Fifth Floor
 New York, New York 10001
 Telephone: (212) 736-4500
  Fax:        (212)736-2260
  amiltenberg@nmllplaw.com
  sbernstein@nmllplaw.com
  csingh@nmllplaw.com

**ROGERS COUNSEL**

By: *Lance Rogers*
   Lance Rogers
 26 E. Athens Avenue
 Ardmore, PA 19003
 Telephone: (610) 228-0222
  lance@rogerscounsel.com

*Attorneys for Plaintiff*

18