**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN A. ABRAHAM, M.D.,**<br><br>        **Plaintiff,**<br><br>  vs.<br><br>**THOMAS JEFFERSON UNIVERSITY and THOMAS JEFFERSON UNIVERSITY HOSPITALS, INC.,**<br><br>        **Defendants.** | **Civil Action No.: 2:20-cv-02967-MMB** |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO**
**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Defendants Thomas Jefferson University and Thomas Jefferson University Hospitals, Inc. (collectively referred to herein as "Jefferson" or "Defendants") hereby respond and object to Plaintiff's First Set of Interrogatories (the "Interrogatories").

**GENERAL OBJECTIONS**

1.      Defendants object to the Interrogatories to the extent that they seek discovery of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of Defendants or purport to require information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other federal, state or local statute, regulation or rule of common law.

2.      Defendants object to the Interrogatories to the extent that they seek documents or information regarding any trade secret, proprietary information or other confidential research, development, technical, personnel, or commercial information, and shareholder information. Such information, to the extent it is otherwise non-privileged and relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence, will be produced

9836292.v5

only upon execution of a mutually acceptable confidentiality stipulation. All information and documents provided in connection herewith are provided for use in this action only and for no other purpose.

3.      Defendants object to the Interrogatories and definitions and instructions to the extent that they seek to impose obligations beyond the requirements of the Federal Rules of Civil Procedure and/or Local Rules of Court.  Defendants respond to the Interrogatories in accordance with these rules by, among other things, providing information that is only in Defendants' care, custody or control that they are able to find after a reasonable search.

4.      Defendants' responses to the Interrogatories are made without waiver of, and with preservation of: (a) all objections as to competency, relevancy, materiality, privilege, and admissibility of the responses, produced documents, and their subject matter for any purpose in this action; (b) the right at any time to revise, correct, add to, supplement, or clarify any of the responses contained herein and to provide information and produce evidence of any subsequently discovered facts or documents; and (c) the right to assert additional privileges if warranted by new documents or evidence discovered at a later date.

5.      Defendants object to the definition of "Dr. Abraham's Complaint" on the grounds that he never made any such "complaint/report" as he alleges.

6.      Defendants object to the definition of "Plaintiff's Title IX case" on the grounds that it is vague and ambiguous, and it is unclear to what Plaintiff is referring.  Defendants further object to the definition of "Plaintiff's Title IX case" on the grounds that no "disciplinary process" was ever "imposed/conducted."

9836292.v5

## **INTERROGATORIES**

**Interrogatory No. 1**

Identify all individuals providing information or assistance in responding to these Interrogatories and set forth the basis for their knowledge as pertaining to each Interrogatory herein.

**RESPONSE:**  Jefferson objects to this Interrogatory on the grounds that it seeks the disclosure of information protected from disclosure by the attorney client privilege and/or work product doctrine.

**Interrogatory No. 2**

Identify every employee or agent of Defendants who participated in (including direct interaction with Jane Roe or any witness, consulting, contributing to, supervising, or reviewing) the investigation of the Jane Roe Complaint and set forth the nature and extent of each individual's specific involvement, including the approximate dates/time period of such involvement.

**RESPONSE:**  Jefferson objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney client privilege and/or work product doctrine.  Jefferson initiated a Title IX investigation related to the incident at issue in the Amended Complaint and retained outside counsel from the law firm, Pietragallo Gordon Alfano Bosick & Raspanti LLP (the "Firm"), led by Gaetan Alfano, Esquire, to conduct the investigation.  Jefferson's counsel's investigation included participation by numerous Jefferson employees, which is confidential and subject to the attorney client privilege and/or work product doctrine.  Accordingly, the information sought by this Interrogatory is privileged.  Jefferson further objects to this Interrogatory to the extent it calls for a legal conclusion and to the extent it is vague or ambiguous.

9836292.v5

**<u>Interrogatory No. 3</u>**

For all individuals identified in response to Interrogatory 2, please identify each person's specific qualifications to investigate Title IX/sexual misconduct claims, including without limitation trainings in which the individuals participated and certifications obtained.

**<u>RESPONSE</u>:** Jefferson objects to this Interrogatory to the extent it is misleading.  As set forth in Jefferson's objection to Interrogatory No. 2, Jefferson retained the Firm to investigate the Title IX claim at issue in this case.  The credentials of Mr. Alfano are summarized on the Firm's website at  www.pietragallo.com/lawyers/gaetan-j-alfano/.

**<u>Interrogatory No. 4</u>**

Identify every employee or agent of Defendants who participated in (including direct interaction with Jane Roe or any witness, consulting, contributing to, supervising, or reviewing) the investigation of Dr. Abraham's Complaint and set forth the nature and extent of each individual's specific involvement, including the approximate dates/time period of such involvement.

**<u>RESPONSE</u>:** Jefferson objects to this Interrogatory because it presumes that Dr. Abraham made a "complaint" to Jefferson in June, 2018 that "i) Roe had engaged in sexual misconduct against Dr. Abraham; and ii) that Roe's complaint against Dr. Abraham was retaliatory."  Dr. Abraham never made any such "complaint" or claim to Jefferson.  By way of further response, Abraham's purported contentions relating to Roe's alleged conduct against him, as alleged in the instant lawsuit, would have been subsumed by the investigation conducted in connection with Roe's Title IX complaint against Abraham.

**Interrogatory No. 5**

For all individuals identified in response to Interrogatory 4, please identify each person's specific qualifications to investigate Title IX/sexual misconduct claims, including without limitation trainings in which the individuals participated and certifications obtained.

**RESPONSE:** Jefferson incorporates by reference their response to Interrogatory No. 4.

**Interrogatory No. 6**

Please identify whether the following individuals are mandatory reporters of sexual misconduct complaints and/or sexual misconduct allegations under Defendants' policies and procedures:

      i)     Dr. Alex Vacarro

      ii)    Dr. Jim Purtill

      iii)   Jennifer Fogerty

      iv)   Rich Webster

      v)    Ed Pribitkin

      vi)   Zoe Gingold

**RESPONSE:** In addition to the General Objections, Jefferson objects to this Interrogatory on the grounds that it calls for a legal conclusion as "mandatory reporters" is a legal concept under Title IX.

**Interrogatory No. 7**

Please list trainings attended or certifications obtained by the following individuals concerning reports of alleged sexual misconduct or retaliation; investigation of reports of alleged sexual misconduct or retaliation; and adjudication of reports of alleged sexual misconduct or retaliation:

      i)     Dr. Alex Vacarro

9836292.v5

ii)     Dr. Jim Purtill

iii)    Jennifer Fogerty

iv)     Rich Webster

v)      Ed Pribitkin

vi)     Zoe Gingold

vii)    Gaetan Alfano

**RESPONSE:** In addition to the General Objections, Jefferson objects to this Interrogatory on the grounds that it is vague and ambiguous in that "training" and "certifications" are not defined. By way of further response, Jefferson incorporates by reference its response to Interrogatories Nos. 2 and 3 above.

## Interrogatory No. 8

Identify all training materials provided to Investigator Gaetan Alfano concerning Defendants' Title IX/Sexual Misconduct policies and procedures, specifying the dates, content, and format of all such training.

**RESPONSE:** In addition to the General Objections, Jefferson objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome, and on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence.  Jefferson further objects to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege, the work product doctrine, or other applicable privilege.  By way of further response, Jefferson incorporates by reference its response to Interrogatory No. 2.

6

**Interrogatory No. 9**

Identify the following:

i)      Witnesses interviewed as part of the Investigation of the Jane Roe Complaint

ii)     Witnesses contacted but not interviewed as part of the Investigation of the Jane Roe Complaint

iii)    For the names disclosed in response to (ii) above, please indicate the reason the witness was not interviewed.

**RESPONSE:** Jefferson incorporates by reference its response to Interrogatory Nos. 2 and 8.

**Interrogatory No. 10**

Identify the following:

i)      Witnesses interviewed as part of the Investigation of Dr. Abraham's Complaint

ii)     Witnesses contacted but not interviewed as part of the Investigation of Dr. Abraham's Complaint

iii)    For the names disclosed in response to (ii) above, please indicate the reason the witness was not interviewed.

**RESPONSE:** Jefferson incorporates by reference its response to Interrogatory Nos. 2, 4 and 8.

**Interrogatory No. 11**

Set forth the factual grounds for each of Defendants' Affirmative Defenses as set forth in the Answer.

**RESPONSE:** Jefferson incorporates their General Objections. Jefferson further objects to this Interrogatory on the grounds that it seeks the discovery of information protected from disclosure by the attorney client privilege and/or work product doctrine as the affirmative defenses are legal contentions. In addition, Jefferson objects to this Interrogatory as it is premature as

7

discovery only recently commenced.  Subject to and without waiver of the foregoing objections and General Objections, the factual basis for Jefferson's defenses, which will be developed more fully through the discovery process is this case, are based on the lack of truth to Abraham's allegations, including, among other factual inaccuracies, the following:

(i)     Abraham never made any "Complaint" to Jefferson, as he alleged;

(ii)    Abraham voluntarily relinquished his duties at Jefferson and resigned before the Title IX matter concluded;

(iii)   Abraham refused to participate in the Title IX investigation at issue;

(iv)    Jefferson complied with all of its relevant policies and procedures;

(v)     The sexual assault incident at issue in the litigation occurred after work hours, off Jefferson's campus, at a party that was planned, paid for, controlled by, and hosted exclusively by Abraham at his personal residence;

(vi)    Abraham and Roe are not similarly situated individuals, as Abraham was a professor/attending physician and Roe was a student/resident;

(vii)   Abraham is still employed by Rothman; and

(viii)  Abraham cannot establish a causal connection between Jefferson's alleged conduct and any harm suffered to Abraham's relationship with Rothman.

Jefferson also incorporates by reference its denials to Abraham's allegations in his Amended Complaint in this matter, as set forth more fully in Jefferson's Answer and Affirmative Defenses.  Jefferson will supplement this response in accordance with the Federal Rules of Civil Procedure.

9836292.v5

Dated: January 12, 2022

Respectfully submitted,

KLEHR HARRISON HARVEY
BRANZBURG LLP

By:     */s/ Stephanie D. Wolbransky*
          William A. Harvey
          Lisa A. Lori
          Stephanie D. Wolbransky
          1835 Market Street, Suite 1400
          Philadelphia, PA  19103
          (215) 569-2700
          wharvey@klehr.com
          llori@klehr.com
          swolbransky@klehr.com
          Attorneys for Defendants

9836292.v5

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 12, 2022, the foregoing document was served on the following counsel of record via electronic mail:

Andrew T. Miltenberg, Esquire
Stuart Bernstein, Esquire
Cindy Singh, Esquire
NESENOFF & MILTENBERG, LLP
363 Seventh Ave., 5th Fl.
New York, NY 10001
amiltenberg@nmllplaw.com
sbernstein@nmllplaw.com
csingh@nmllplaw.com
Attorneys for Plaintiff

Lance Rogers, Esquire
ROGERS COUNSEL
26 East Athens Avenue
Ardmore, PA 19003
lance@rogerscounsel.com
Attorneys for Plaintiff

*/s/ Stephanie D. Wolbransky*
Stephanie D. Wolbransky

10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------------------- x

**JOHN A. ABRAHAM, M.D.,** | **Civil Action No.**
| **2:20-cv-02967-MMB**
**Plaintiff,** |
|
 -against- |
|
**THOMAS JEFFERSON UNIVERSITY** |
**and THOMAS JEFFERSON UNIVERSITY** |
**HOSPITALS, INC.** |
|
**Defendants.** |

-------------------------------------------------------------------- x

### DEFENDANTS' RESPONSES AND OBJECTIONS TO
### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants Thomas Jefferson University and Thomas Jefferson University Hospitals, Inc. (collectively referred to herein as "Jefferson" or "Defendants") hereby respond and object to Plaintiff's First Request for Production of Documents (the "Requests").

### GENERAL OBJECTIONS

The following general objections ("General Objections") are incorporated by reference into each response to each individual Request.

1.      Defendants object to the definition of "Dr. Abraham's Complaint" on the grounds that Abraham never made a "complaint/report" as he alleges.

2.      Defendants object to the definition of "Plaintiff's Title IX case" on the grounds that it is vague and ambiguous, and it is unclear to what Plaintiff is referring. Defendants further object to the definition of "Plaintiff's Title IX case" on the grounds that no "disciplinary process" was ever "imposed/conducted."

3.      Jefferson objects to all of the Requests on the grounds, and to the extent, that they seek information protected from discovery by virtue of the attorney-client privilege and/or work

product doctrine and/or information that is private and/or confidential to individuals not a party to this litigation.  Further, Jefferson assumes that each Request is limited to seeking documents that were generated prior to the plaintiff instituting a claim, either administratively or in this Court, against Jefferson.  As such, Jefferson responds to each Request based on this assumption and does not waive any assertion of privilege should Plaintiff be seeking information after he filed claims against Jefferson.

4.      Jefferson objects to the Requests to the extent they seek disclosure of any trade secret, proprietary or other confidential information. Said information, to the extent otherwise discoverable in this action, will be produced only pursuant to a mutually agreeable confidentiality agreement jointly executed by the parties.  In any event, all documents Jefferson produces in response to the Requests may be used only for the purposes of this litigation.

5.      Jefferson objects to the Requests to the extent that they seek disclosure of any information protected by the Family Education Rights and Privacy Act ("FERPA"), 20 U.S.C. §1232(g).

6.      Jefferson objects to the Requests and definitions and instructions to the extent that they seek to impose obligations beyond the requirements of the Federal Rules of Civil Procedure and/or Local Rules of Court.  Jefferson responds to the Requests in accordance with these rules by, among other things, producing documents that are only in Jefferson's care, custody or control that it is able to find after a reasonable search.

7.      Jefferson objects to any and all Requests that seek digital versions of documents when such digital versions are not reasonably accessible because of undue burden or cost, and/or the information sought is unreasonably cumulative or duplicative and/or can be obtained from some other source that is more convenient, less burdensome, or less expensive.

8.      Jefferson objects to the Requests to the extent that they seek documents that are in the possession and/or control of Plaintiff or are equally available to Plaintiff and to Defendants.

9.      Jefferson objects to the Requests to the extent they ask Jefferson to provide all documents that "relate in any way to (in whole or in part)" a subject. Such a request is vague and ambiguous and, depending on its meaning, seeks information that is outside the scope of discovery permitted by Rule 26(b)(1), in that, among other things, the information is not relevant to any party's claim or defense and the request is not proportional to the needs of the case because the burden or expense of the proposed discovery outweighs its likely benefit.

10.     Jefferson objects to the definition of "identify" on the grounds that it seeks information that is not relevant or proportional to the needs of the case under Rule 26(b)(1) and/or it is overly broad and unduly burdensome.

11.     To the extent Jefferson objects to a Request on the grounds that uses a vague and ambiguous term, Defendant responds to the Request, to the extent possible, based on a reasonable reading of the term, whether or not this caveat is specifically stated in the response.

12.     Jefferson's responses to the Requests are made without waiver of, and with preservation of: (i) all objections as to competency, relevancy, materiality, privilege, and admissibility of the responses, produced documents, and their subject matter for any purpose in this action; (ii) the right at any time to revise, correct, add to, supplement, or clarify any of the responses contained herein and to provide information and produce evidence of any subsequently discovered facts or documents; (iii) the right to assert additional privileges if warranted by new documents or evidence discovered at a later date.

While the following responses are the result of a reasonable investigation conducted by Jefferson to date, discovery is continuing and Jefferson expressly reserves their right to supplement

9835939.v4

and/or amend these responses as and when appropriate under the Federal Rules of Civil Procedure, Local Rules, and an Order of the Court.

## DOCUMENT REQUESTS

### Request No. 1

Plaintiff's complete employment file and disciplinary record.

**RESPONSE:**  Jefferson incorporates by reference its General Objections.  Jefferson further objects to this Request on the grounds that it is vague and ambiguous in that Jefferson does not know what Plaintiff means by "employment file" and "disciplinary record."  Jefferson further objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks the production of documents that are not reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding these objections and without waiver thereof, Jefferson will produce non-privileged documents responsive to this Request, upon entry of an appropriate Confidentiality and Protective Order.

### Request No. 2

The complete file maintained by Defendants regarding Jane Roe's Complaint, the investigation of Jane Roe's Complaint, and Plaintiff's Title IX case.

**RESPONSE:**  Jefferson incorporates by reference its General Objections.  Jefferson further objects to this Request on the grounds that it is vague and ambiguous in that Jefferson does not know what Plaintiff means by "complete file" or "Plaintiff's Title IX" case.  Jefferson objects to this Request on the ground that it is overbroad and unduly burdensome, and seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence. Jefferson further objects to this Request to the extent it seeks the production of documents that are confidential to Jefferson or a third party and/or contain personal or protected health information about a third party. Jefferson further objects to this Request to the extent it seeks disclosure of

documents protected by FERPA. Jefferson also objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.

**Request No. 3**

The complete file maintained by Defendants regarding Dr. Abraham's Complaint.

**RESPONSE:** Jefferson incorporates by reference its General Objections. Jefferson further objects to this Request to the extent it contends that Abraham made a "Complaint" to Jefferson, as defined in the Definitions and Instructions. Abraham never made any such "Complaint." By way of further response, to the extent Abraham accused Roe of sexual assault at any other time other than in his Amended Complaint in this action, an investigation of his allegations would have been subsumed by the investigation conducted by Jefferson's outside counsel into the Incident as a whole, and are thus privileged.

Jefferson further objects to this Request on the grounds that it is vague and ambiguous in that Jefferson does not know what Plaintiff means by "complete file." Jefferson further objects to this Request on the ground that it is overbroad and unduly burdensome, and seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence. Jefferson further objects to this Request to the extent it seeks the production of documents that are confidential to Jefferson or a third party and/or contain personal or protected health information about a third party. Jefferson also objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.

**Request No. 4**

The complete file maintained by Defendants regarding the investigation of Dr. Abraham's Complaint.

**RESPONSE:** Jefferson incorporates by reference its General Objections and its objections to Document Request Number 3 above.

9835939.v4

**Request No. 5**

All documents and communications concerning Defendants' receipt of any report concerning the Incident, and all documents and communications concerning the Incident itself.

**RESPONSE:**  Jefferson incorporates by reference its General Objections.  Jefferson further objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence.  Jefferson further objects to this Request to the extent it seeks the production of documents that are confidential to Jefferson or a third party and/or contain personal or protected health information about a third party.  Defendant also objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.

**Request No. 6**

All documents and communications concerning Defendants' decision to initiate a formal investigation of the Jane Roe Complaint.

**RESPONSE:**  Jefferson incorporates by reference its General Objections.  Jefferson further objects to this Request on the ground that it is vague and ambiguous in that Defendant does not know what Plaintiff means by "investigation," and on the grounds that it is overbroad and unduly burdensome in that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence.  Jefferson further objects to this Request to the extent it seeks the production of documents that are confidential to Jefferson or a third party and/or contain personal or protected health information about a third party.  Jefferson also objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.

**Request No. 7**

A copy of Jane Roe's initial complaint or initial report made to the Title IX's Office.

**RESPONSE:**  Jefferson incorporates by reference its General Objections.  Jefferson further objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence.  Further, Jefferson further objects to this Request to the extent it seeks the production of documents that are confidential to Jefferson or a third party and/or contain personal or protected health information about a third party.  Jefferson also objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.  Subject to and without waiver of the foregoing objections, and the General Objections, Jefferson will produce non-privileged documents responsive to this Request, if any exist, upon entry of an appropriate Confidentiality and Protective Order.

**Request No. 8**

A copy of Jane Roe's initial complaint or report made to Dr. Jim Purtill on or about June 26, 2018.

**RESPONSE:**  Jefferson incorporates by reference its General Objections.  Jefferson further objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence.  Further, Jefferson further objects to this Request to the extent it seeks the production of documents that are confidential to Jefferson or a third party and/or contain personal or protected health information about a third party.  Jefferson also objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine. Subject to and without waiver of the foregoing objections, and the General

Objections, Jefferson will produce non-privileged documents responsive to this Request, if any exist, upon entry of an appropriate Confidentiality and Protective Order.

**Request No. 9**

All internal documents and communications concerning Defendants' investigation of Plaintiff's Title IX case.

**RESPONSE:** Jefferson incorporates by reference its General Objections. Jefferson objects to this Request on the ground that it is vague and ambiguous in that Defendant does not know what Plaintiff means by "investigation." or "Plaintiff's Title IX case". Jefferson further objects to this Request to the extent this request implies that Plaintiff made any purported "Complaint" as defined in the Definitions and Instructions. To the contrary, Plaintiff never made any such "Complaint." Jefferson further objects to this Request on the grounds that it is overbroad and unduly burdensome, and on the grounds that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence. Further, Jefferson further objects to this Request to the extent it seeks the production of documents that are confidential to Jefferson or a third party and/or contain personal or protected health information about a third party. Jefferson also objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.

**Request No. 10**

All training materials, directions, or instructions provided by Defendants to any employee or agent who is designated, under Defendants' applicable policies, as a "mandatory reporter" of any incident of sexual misconduct

**RESPONSE:** Defendants incorporate their General Objections. Defendants further object to this Request on the grounds that it is vague, overbroad, unduly burdensome, and seeks the production of documents that are not reasonably calculated to lead to the discovery of admissible

8

evidence. Notwithstanding these objections, and without waiver thereof, Defendants state they will provide non-privileged documents concerning training in effect as of June 2018, if any exist, responsive to this Request, upon entry of an appropriate Confidentiality and Protective Order.

**Request No. 11**

All training materials, directions, or instructions concerning the investigation and adjudication of sexual misconduct matters provided by Defendants to any employee or agent who was involved in Plaintiff's Title IX case.

**RESPONSE:** Jefferson incorporates their General Objections. Jefferson objects to this Request on the ground that it is vague and ambiguous in that Defendant does not know what Plaintiff means by "Plaintiff's Title IX case". Jefferson further objects to this Request to the extent this request implies that Plaintiff made any purported "Complaint" as defined in the Definitions and Instructions. To the contrary, Plaintiff never made any such "Complaint." Jefferson further object to this Request on the grounds that it is duplicative of other Requests. Jefferson incorporates by reference their response to Request No. 10.

**Request No. 12**

All training materials, directions, or instructions concerning the investigation and adjudication of sexual misconduct matters provided by Defendants to any employee or agent who was involved in any respect with Dr. Abraham's Complaint.

**RESPONSE:** Jefferson incorporates their General Objections. Jefferson further object to this Request on the grounds that it is duplicative of other Requests. Jefferson objects to this Request on the ground that it is vague, overbroad, unduly burdensome, and seeks the production of documents that are not reasonably calculated to lead to the discovery of admissible evidence. Jefferson further objects to this Request to the extent this request implies that Plaintiff made any purported "Complaint" as defined in the Definitions and Instructions. To the contrary, Plaintiff

9

never made any such "Complaint."   Subject to and without waiver of the foregoing objections, and the General Objections, Jefferson incorporates by reference their response to Request No. 10.

**Request No. 13**

Copies of all policies and procedures applicable to Plaintiff's Title IX case.

**RESPONSE:**  Jefferson incorporates their General Objections. Jefferson objects to this Request on the ground that it is vague and ambiguous in that Defendant does not know what Plaintiff means by "Plaintiff's Title IX case."  Jefferson further objects to this Request to the extent this request implies that Plaintiff made any purported "Complaint" as defined in the Definitions and Instructions.  To the contrary, Plaintiff never made any such "Complaint."  Jefferson further objects to this Request on the grounds that it is duplicative of other Requests.  Subject to and without waiver of the foregoing objections, and the General Objections, Jefferson incorporates by reference their response to Request No. 10.

**Request No. 14**

Copies of all policies and procedures applicable to Dr. Abraham's Complaint.

**RESPONSE:**  Jefferson incorporates their General Objections.  Jefferson further objects to this Request to the extent this request implies that Plaintiff made any purported "Complaint" as defined in the Definitions and Instructions.  To the contrary, Plaintiff never made any such "Complaint."  Notwithstanding these objections, and without waiver thereof, Jefferson states they will provide non-privileged documents, if any exist, responsive to this Request, upon entry of an appropriate Confidentiality and Protective Order.

9835939.v4

**Request No. 15**

All internal correspondence, notes, and memoranda concerning Dr. Abraham's reports that i) Roe had engaged in sexual misconduct against him and ii) Roe's Title IX complaint against him was retaliatory, including without limitation Defendants' internal correspondence and memoranda concerning Dr. Abraham's communications with Dr. Alex Vaccaro on June 26, 2018.

**RESPONSE:** Jefferson incorporates by reference their General Objections. Jefferson further objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence. Further, Jefferson objects to this Request on the grounds that it seeks the production of documents that are confidential to Jefferson or a third party and/or contain personal or protected health information about a third party. Defendant also objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine. Subject to and without waiver of the foregoing objections, and the General Objections, Jefferson states they will provide non-privileged documents, if any exist, responsive to this Request, upon entry of an appropriate Confidentiality and Protective Order.

**Request No. 16**

A copy of all evidence obtained and reviewed by Investigator Gaetan Alfano in connection with Plaintiff's Title IX case, including without limitation, documentary evidence, photographic evidence, audio recordings, or video evidence.

**RESPONSE:** Jefferson incorporates by reference its General Objections. Jefferson objects to this Request on the ground that it is vague and ambiguous in that Defendant does not know what Plaintiff means by "Plaintiff's Title IX case". Jefferson further objects to this Request to the extent this request implies that Plaintiff made any purported "Complaint" as defined in the Definitions and Instructions. To the contrary, Plaintiff never made any such "Complaint." Further,

11

9835939.v4

Jefferson objects to this Request on the grounds that it seeks the production of documents that are confidential to Jefferson or a third party and/or contain personal or protected health information about a third party.  Defendant also objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.

**Request No. 17**

A copy of all evidence obtained and reviewed by Investigator Gaetan Alfano in connection with Dr. Abraham's Complaint, including without limitation, documentary evidence, photographic evidence, audio recordings, or video evidence.

**RESPONSE:**  Jefferson incorporates by reference its General Objections.  Subject to and without waiver of the foregoing objections, and the General Objections, Jefferson incorporates by reference their response to Request No. 16.

**Request No. 18**

Jane Roe's medical records, including any report by a Sexual Assault Nurse Examiner or rape kit, obtained and reviewed by Investigator Gaetan Alfano in connection with Plaintiff's Title IX case.

**RESPONSE:**  Jefferson incorporates by reference its General Objections.  Jefferson objects to this Request on the ground that it is vague and ambiguous in that Defendant does not know what Plaintiff means by "Plaintiff's Title IX case".  Jefferson further objects to this Request to the extent this request implies that Plaintiff made any purported "Complaint" as defined in the Definitions and Instructions.  To the contrary, Plaintiff never made any such "Complaint." Jefferson further objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence.  Further, Jefferson objects to this Request on the grounds that it seeks the production of documents that are confidential to Jefferson or a third party and/or contain personal

12

or protected health information about a third party.  Defendant also objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.

**Request No. 19**

A copy of all written statements by Jane Roe obtained and reviewed by Investigator Gaetan Alfano in connection with Plaintiff's Title IX case.

**RESPONSE:**  Jefferson incorporates by reference its General Objections.  Jefferson objects to this Request on the ground that it is vague and ambiguous in that Defendant does not know what Plaintiff means by "Plaintiff's Title IX case."  Jefferson further objects to this Request to the extent this request implies that Plaintiff made any purported "Complaint" as defined in the Definitions and Instructions.  To the contrary, Plaintiff never made any such "Complaint." Jefferson further objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence.  Further, Jefferson objects to this Request on the grounds that it seeks the production of documents that are confidential to Jefferson or a third party and/or contain personal or protected health information about a third party.  Defendant also objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.

**Request No. 20**

A copy of all written statements by Jane Roe obtained and reviewed by Investigator Gaetan Alfano in connection with Dr. Abraham's complaint.

**RESPONSE:**  Jefferson incorporates by reference its General Objections.  Jefferson further objects to this Request to the extent this request implies that Plaintiff made any purported "Complaint" as defined in the Definitions and Instructions.  To the contrary, Plaintiff never made

13

any such "Complaint."  By way of further response, to the extent Abraham accused Roe of sexual assault at any other time other than in his Amended Complaint in this action, an investigation of his allegations would have been subsumed by the investigation conducted by Jefferson's outside counsel into the Incident as a whole, and are thus privileged.

Jefferson further objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence.  Further, Jefferson objects to this Request on the grounds that it seeks the production of documents that are confidential to Jefferson or a third party and/or contain personal or protected health information about a third party.  Defendant also objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.

**Request No. 21**

A copy of all witness statements obtained and reviewed by Investigator Gaetan Alfano in connection with Plaintiff's Title IX case, including the notes by the Investigator or Investigator's agent used to prepare each witness statement. If witness interviews were recorded, the recording should be provided.

**RESPONSE:**  Jefferson incorporates by reference its General Objections. Jefferson objects to this Request on the ground that it is vague and ambiguous in that Defendant does not know what Plaintiff means by "Plaintiff's Title IX case."  Jefferson further objects to this Request to the extent this request implies that Plaintiff made any purported "Complaint" as defined in the Definitions and Instructions.  To the contrary, Plaintiff never made any such "Complaint." Jefferson further objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence.  Further, Jefferson objects to this Request on the grounds that it seeks the

14

production of documents that are confidential to Jefferson or a third party and/or contain personal or protected health information about a third party.  Defendant also objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.

**Request No. 22**

A copy of all witness statements obtained and reviewed by Investigator Gaetan Alfano in connection with Dr. Abraham's Complaint, including the notes by the Investigator or Investigator's agent used to prepare each witness statement. If witness interviews were recorded, the recording should be provided.

**RESPONSE:**  Jefferson incorporates by reference its General Objections.  Jefferson further objects to this Request to the extent this Request implies that Plaintiff made any purported "Complaint" as defined in the Definitions and Instructions.  To the contrary, Plaintiff never made any such "Complaint."  By way of further response, to the extent Abraham accused Roe of sexual assault at any other time other than in his Amended Complaint in this action, an investigation of his allegations would have been subsumed by the investigation conducted by Jefferson's outside counsel into the Incident as a whole, and are thus privileged.

Jefferson further objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence.  Further, Jefferson objects to this Request on the grounds that it seeks the production of documents that are confidential to Jefferson or a third party and/or contain personal or protected health information about a third party.  Defendant also objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.

9835939.v4

**Request No. 23**

All correspondence and communications between Investigator Gaetan Alfano or his agent and any individual who was identified, interviewed, or contacted but not interviewed, as a witness in Plaintiff's Title IX case.

**RESPONSE:**  Jefferson incorporates by reference its General Objections.  Jefferson objects to this Request on the ground that it is vague and ambiguous in that Defendant does not know what Plaintiff means by "Plaintiff's Title IX case."  Jefferson further objects to this Request to the extent this request implies that Plaintiff made any purported "Complaint" as defined in the Definitions and Instructions.  To the contrary, Plaintiff never made any such "Complaint." Jefferson further objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence.  Further, Jefferson objects to this Request on the grounds that it seeks the production of documents that are confidential to Jefferson or a third party and/or contain personal or protected health information about a third party.  Defendant also objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.

**Request No. 24**

All correspondence and communications between Alex Vaccaro and any other person or person(s) concerning the Plaintiff, Jane Roe, the Incident, Dr. Abraham's Complaint and the Jane Roe Complaint.

**RESPONSE:**  Jefferson incorporates by reference their General Objections.  Jefferson further objects to this Request to the extent this request implies that Plaintiff made any purported "Complaint" as defined in the Definitions and Instructions.  To the contrary, Plaintiff never made any such "Complaint."   Jefferson further objects to this Request on the grounds that it is overbroad

16

and unduly burdensome in that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence.  Further, Jefferson objects to this Request on the grounds that it seeks production of documents that are confidential to Jefferson or a third party and/or contain personal or protected health information about a third party.  Defendant also objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.  Subject to and without waiver of the foregoing objections and the General Objections, Jefferson will produce non-privileged documents responsive to this Request, if any exist, upon the entry of an appropriate Confidentiality and Protective Order.

**Request No. 25**

All correspondence and communications between employees in Defendants' Title IX Office and Investigator Gaetan Alfano concerning Plaintiff's Title IX case.

**RESPONSE:**  Jefferson incorporates by reference its General Objections.  Jefferson objects to this Request on the ground that it is vague and ambiguous in that Defendant does not know what Plaintiff means by "Plaintiff's Title IX case."  Jefferson further objects to this Request to the extent this request implies that Plaintiff made any purported "Complaint" as defined in the Definitions and Instructions.  To the contrary, Plaintiff never made any such "Complaint." Jefferson further objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence.  Further, Jefferson objects to this Request on the grounds that it seeks the production of documents that are confidential to Jefferson or a third party and/or contain personal or protected health information about a third party.  Defendant also objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.

17

9835939.v4

**Request No. 26**

All correspondence and communications between employees in Defendants' Title IX Office and Investigator Gaetan Alfano and/or any agent of Investigator Alfano concerning Dr. Abraham's Complaint.

**RESPONSE:** Jefferson incorporates by reference its General Objections. Jefferson further objects to this Request to the extent this request implies that Plaintiff made any purported "Complaint" as defined in the Definitions and Instructions. To the contrary, Plaintiff never made any such "Complaint." Jefferson further objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence. Further, Jefferson objects to this Request on the grounds that it seeks the production of documents that are confidential to Jefferson or a third party and/or contain personal or protected health information about a third party. Defendant also objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.

**Request No. 27**

All documents and communications considered, reviewed, utilized, discussed, referenced, relied upon and/or prepared in connection with drafting the Investigation Report(s) in Plaintiff's Title IX case, including without limitations any notes prepared by Investigator Gaetan Alfano, Esq. or his agent.

**RESPONSE:** Jefferson incorporates by reference its General Objections. Jefferson objects to this Request on the ground that it is vague and ambiguous in that Defendant does not know what Plaintiff means by "Plaintiff's Title IX case." Jefferson further objects to this Request to the extent this request implies that Plaintiff made any purported "Complaint" as defined in the Definitions and Instructions. To the contrary, Plaintiff never made any such "Complaint."

18

Jefferson further objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence. Further, Jefferson objects to this Request on the grounds that it seeks the production of documents that are confidential to Jefferson or a third party and/or contain personal or protected health information about a third party. Defendant also objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.

**Request No. 28**

     All documents and communications considered, reviewed, utilized, discussed, referenced, relied upon and/or prepared in connection with drafting the Investigation Report(s) in Dr. Abraham's Complaint, including without limitations any notes prepared by Investigator Gaetan Alfano, Esq. or his agent.

     **RESPONSE:** Jefferson incorporates by reference its General Objections. Jefferson further objects to this Request to the extent this request implies that Plaintiff made any purported "Complaint" as defined in the Definitions and Instructions. To the contrary, Plaintiff never made any such "Complaint." By way of further response, to the extent Abraham accused Roe of sexual assault at any other time other than in his Amended Complaint in this action, an investigation of his allegations would have been subsumed by the investigation conducted by Jefferson's outside counsel into the Incident as a whole, and are thus privileged. Jefferson further objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence. Further, Jefferson objects to this Request on the grounds that it seeks the production of documents that are confidential to Jefferson or a third party and/or contain personal or protected health

information about a third party.  Defendant also objects to this Request on the grounds that it seeks

information that is protected by the attorney-client privilege and the work product doctrine.

**Request No. 29**

The Investigative Report concerning the Incident in question, including all metadata,

authors and document revision history, drafts, comments by Roe or her representatives, and any

exhibits / supporting documentation.

**RESPONSE:**  Jefferson incorporates by reference its General Objections.  Jefferson

objects to this Request on the grounds that it seeks information that is protected by the attorney-

client privilege and the work product doctrine.  Jefferson further objects to this Request on the

grounds that it is overbroad and unduly burdensome in that it seeks production of documents that

are not reasonably calculated to lead to the discovery of admissible evidence.  Further, Jefferson

objects to this Request on the grounds that it seeks the production of documents that are

confidential to Jefferson or a third party and/or contain personal or protected health information

about a third party.

**Request No. 30**

The Investigative Report concerning the Jane Roe Complaint, including all metadata,

authors and document revision history, drafts, comments by Roe or her representatives, and any

exhibits / supporting documentation.

**RESPONSE:**  Jefferson incorporates by reference its General Objections.  Jefferson

objects to this Request on the grounds that it seeks information that is protected by the attorney-

client privilege and the work product doctrine.  Jefferson further objects to this Request on the

grounds that it is overbroad and unduly burdensome in that it seeks production of documents that

are not reasonably calculated to lead to the discovery of admissible evidence.  Further, Jefferson

objects to this Request on the grounds that it seeks the production of documents that are

9835939.v4

confidential to Jefferson or a third party and/or contain personal or protected health information about a third party.

**Request No. 31**

The Investigative Report concerning Dr. Abraham's Complaint, including all metadata, authors and document revision history, drafts, comments by Roe or her representatives, and any exhibits / supporting documentation.

**RESPONSE:** Jefferson incorporates by reference its General Objections. Jefferson further objects to this Request to the extent this request implies that Plaintiff made any purported "Complaint" as defined in the Definitions and Instructions. To the contrary, Plaintiff never made any such "Complaint." By way of further response, to the extent Abraham accused Roe of sexual assault at any other time other than in his Amended Complaint in this action, an investigation of his allegations would have been subsumed by the investigation conducted by Jefferson's outside counsel into the Incident as a whole, and are thus privileged. Jefferson further objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence. Further, Jefferson objects to this Request on the grounds that it seeks the production of documents that are confidential to Jefferson or a third party and/or contain personal or protected health information about a third party. Defendant also objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.

**Request No. 32**

All correspondence between Defendants and Plaintiff concerning Plaintiff's Title IX case.

**RESPONSE:** Jefferson incorporates by reference their General Objections. Jefferson objects to this Request on the ground that it is vague and ambiguous in that Defendant does not know what Plaintiff means by "Plaintiff's Title IX case." Jefferson further objects to this Request

21

to the extent this request implies that Plaintiff made any purported "Complaint" as defined in the Definitions and Instructions.   To the contrary, Plaintiff never made any such "Complaint." Jefferson further objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence.   Further, Jefferson objects to this Request on the grounds that it seeks production of documents that are confidential to Jefferson or a third party and/or contain personal or protected health information about a third party.   Defendant also objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.   Subject to and without waiver of the foregoing objections and the General Objections, Jefferson will produce non-privileged documents responsive to this Request, if any exist, upon the entry of an appropriate Confidentiality and Protective Order.

**Request No. 33**

All correspondence between Defendants and Plaintiff concerning Dr. Abraham's Complaint.

**RESPONSE:** Jefferson incorporates by reference their General Objections.   Jefferson further objects to this Request to the extent this request implies that Plaintiff made any purported "Complaint" as defined in the Definitions and Instructions.   To the contrary, Plaintiff never made any such "Complaint."   By way of further response, to the extent Abraham accused Roe of sexual assault at any other time other than in his Amended Complaint in this action, an investigation of his allegations would have been subsumed by the investigation conducted by Jefferson's outside counsel into the Incident as a whole, and are thus privileged.   Jefferson further objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence. Further, Jefferson objects to this Request on the grounds that it seeks production of documents that

are confidential to Jefferson or a third party and/or contain personal or protected health information about a third party.  Defendant also objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.  Subject to and without waiver of the foregoing objections and the General Objections, Jefferson will produce non-privileged documents responsive to this Request, if any exist, upon the entry of an appropriate Confidentiality and Protective Order.

**Request No. 34**

All documents and communications from, to, or between Defendants or Defendants' agents and any law enforcement agency or agent, such as police or prosecutor(s), concerning Plaintiff or Jane Roe.

**RESPONSE:**  Jefferson incorporates by reference its General Objections.   Jefferson objects to this Request on the grounds that it seeks the production of documents that are confidential to Jefferson or a third party and/or contain personal or protected health information about a third party.  Jefferson  also objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.  Subject to and without waiver of the foregoing objections and the General Objections, Jefferson will produce non-privileged documents responsive to this Request, if any exist, upon the entry of an appropriate Confidentiality and Protective Order.

**Request No. 35**

All documents and communications concerning Plaintiff from January 1, 2018 to present.

**RESPONSE:**  Jefferson incorporates by reference their General Objections.  Jefferson further objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence.  Further, Jefferson objects to this Request on the grounds that it seeks

23

production of documents that are confidential to Jefferson or a third party and/or contain personal or protected health information about a third party.  Defendant also objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.  Subject to and without waiver of the foregoing objections and the General Objections, Jefferson will produce non-privileged documents responsive to this Request, if any exist, upon the entry of an appropriate Confidentiality and Protective Order.

**Request No. 36**

 Any sexual misconduct complaints or reports made by Jane Roe to Defendants from August 1, 2010 to present.

 **RESPONSE:**  Jefferson incorporates by reference its General Objections.  Jefferson further objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence.  Further, Jefferson objects to this Request on the grounds that it seeks the production of documents that are confidential to Jefferson or a third party and/or contain personal or protected health information about a third party.  Defendant also objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.  Subject to and without waiver of the foregoing objections and the General Objections, to the extent it seeks documents relevant to the instant case, Jefferson will produce non-privileged documents responsive to this Request, if any exist, upon the entry of an appropriate Confidentiality and Protective Order.

9835939.v4

**Request No. 37**

Any sexual misconduct complaints or reports made against Jane Roe to Defendants from August 1, 2010 to present.

**RESPONSE:**  Jefferson incorporates by reference its General Objections.  Jefferson further objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence.  Further, Jefferson objects to this Request on the grounds that it seeks the production of documents that are confidential to Jefferson or a third party and/or contain personal or protected health information about a third party.  Defendant also objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.   Subject to and without waiver of the foregoing objections and the General Objections, Jefferson will produce non-privileged documents responsive to this Request, if any exist, upon the entry of an appropriate Confidentiality and Protective Order.

**Request No. 38**

All documents and communications demonstrating the qualifications and training of Investigator Gaetan Alfano to investigate and adjudicate Title IX/sexual misconduct claims.

**RESPONSE:**  Jefferson incorporates by reference their General Objections.  Jefferson objects to the Request to the extent it seeks information that is outside the scope of discovery permitted by Rule 26(a)(2)(B) and (C) and/or Rule 26(b)(4).   Jefferson further objects to this Request because it seeks documents that are not in the possession, custody or control of Jefferson.  Mr. Alfano is a lawyer, whose biographical information is publicly available through his firm's website at www.pietragallo.com/lawyers/gaetan-j-alfano/.

**Request No. 39**

All documents and communications demonstrating the qualifications and training of Title IX Coordinator Zoe Gingold to investigate and adjudicate Title IX/sexual misconduct claims.

**RESPONSE:**  Jefferson incorporates by reference their General Objections.  Jefferson objects to the Request to the extent it seeks information that is outside the scope of discovery permitted by Rule 26(a)(2)(B) and (C) and/or Rule 26(b)(4).  Jefferson also objects to this Request to the extent it implies that Ms. Gingold investigated and/or adjudicated the instant Title IX claim.  Accordingly, Plaintiff's request is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 40**

All of Defendants' training manuals, rules, guides, programs, modules, policies, practices, or procedures, whether formal or informal, concerning receiving, handling, evaluating, investigating, or adjudicating Title IX complaints/complaints of sexual misconduct, including all documents and communications concerning changes to or interpretations of such training manuals, rules, guides, programs, modules, policies, practices, or procedures, from August 1, 2010 to present.

**RESPONSE:**  Defendants incorporate their General Objections.  Defendants further object to this Request on the grounds that it is overbroad and unduly burdensome, and seeks the production of documents that are not reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding these objections, and without waiver thereof, Defendants state they will provide non-privileged documents concerning training in effect as of June 2018, if any exist, responsive to this Request, upon entry of an appropriate Confidentiality and Protective Order.

9835939.v4

**Request No. 41**

A complete and current resume and curriculum vitae for Investigator Gaetan Alfano and any other individual who participated in the investigation of Plaintiff's Title IX Case, the Incident, or Dr. Abraham's Complaint.

**RESPONSE:** Jefferson incorporates by reference their General Objections.  Jefferson further objects to this Request to the extent this request implies that Plaintiff made any purported "Complaint" as defined in the Definitions and Instructions.  To the contrary, Plaintiff never made any such "Complaint."   Jefferson further objects to this Request because it seeks documents that are not in the possession, custody or control of Jefferson.  The investigation was conducted by Mr. Alfano, a lawyer, whose biographical information is publicly available through his firm's website at www.pietragallo.com/lawyers/gaetan-j-alfano/.

**Request No. 42**

All documents and communications concerning any complaint, whether formal or informal, made against or concerning Investigator Alfano.

**RESPONSE:** Jefferson incorporates its General Objections.  Jefferson further objects to this Request because it is vague or ambiguous in that it is unclear what Plaintiff means by "complaint."  Jefferson further objects to this Request because on the grounds that it is overbroad and unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.  Jefferson further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

**Request No. 43**

All documents and communications concerning any complaint, whether formal or informal, made against or concerning Zoe Gingold, Title IX Coordinator.

**RESPONSE:** Jefferson incorporates its General Objections. Jefferson further objects to this Request on the grounds that it is overbroad and unduly burdensome, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Jefferson further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

**Request No. 44**

All documents and communications concerning any complaint, whether formal or informal, made against or concerning Jennifer Fogerty, Plaintiff's assigned Title IX advisor (see ¶44 of the Amended Complaint).

**RESPONSE:** Jefferson incorporates its General Objections. Jefferson further objects to this Request on the grounds that it is overbroad and unduly burdensome, and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Jefferson further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

**Request No. 45**

All documents and communications demonstrating the qualifications and training of Jennifer Fogerty in the investigation and adjudication Title IX/sexual misconduct claims and in Defendants' policies concerning the investigation and adjudication of Title IX/sexual misconduct claims.

**RESPONSE:** Jefferson incorporates its General Objections. Jefferson also objects to this Request to the extent it implies that Ms. Fogerty investigated and/or adjudicated the instant Title

9835939.v4

IX claim.  Accordingly, Plaintiff's request is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 46**

    a.    Documents and communications reflecting all reports—formal or informal—of possible sexual misconduct at TJU since 2010;

    b.    All formal complaints of possible sexual misconduct at TJU since 2010;

    c.    For each of the above, produce all documents and communications demonstrating:

        i.    the gender of the complainant;

        ii.    the gender of the respondent;

        iii.    the alleged policy violation(s);

        iv.    the names of the investigator(s);

        v.    the names of the adjudicator(s);

        vi.    the outcome/findings of responsibility as to each alleged violation

        vii.    the sanctions (if any)

        viii.    whether an appeal was filed, and if so:

            A.    the names of the Appeal Panel members

            B.    the outcome/resolution of the appeal, and

            C.    the number of calendar days between the submission of the Appeal and the resolution of the Appeal.

    **NOTE**:  Defendants may produce a chart or similar summary of such information in lieu of producing the documents in full, provided the summary is certified, pursuant to 20 U.S.C. 1746, as complete and accurate, by an individual with direct personal knowledge.

    **RESPONSE:**  Jefferson incorporates its General Objections.  Jefferson objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks production of

documents related to "all reports of possible sexual misconduct," regardless of whether such purported reports are reasonably calculated to lead to the discovery of admissible evidence. For example, Plaintiff's request is not limited to similarly situated sexual assaults by professors against residents or students. Jefferson further objects to this Request on the grounds that it is vague and ambiguous in that it requests all reports of "possible" sexual misconduct, and it is unclear to what Plaintiff is referring. Jefferson further objects to this Request on the grounds that it seeks production of documents for the time period dating back to 2010 . Further, Jefferson objects to this Request on the grounds that it seeks confidential and private information concerning individuals who are not a party to this Action. Defendant also objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.

## Request No. 47

a.  Documents and communications reflecting all reports—formal or informal—of possible sexual misconduct at TJUH since 2010;

b.  All formal complaints of possible sexual misconduct at TJUH since 2010;

c.  For each of the above, produce all documents and communications demonstrating:

   i.  the gender of the complainant;

   ii.  the gender of the respondent;

   iii.  the alleged policy violation(s);

   iv.  the names of the investigator(s);

   v.  the names of the adjudicator(s);

   vi.  the outcome/findings of responsibility as to each alleged violation

   vii.  the sanctions (if any)

   viii.  whether an appeal was filed, and if so:

       A.     the names of the Appeal Panel members

       B.     the outcome/resolution of the appeal, and

       C.     the number of calendar days between the submission of the Appeal and the resolution of the Appeal.

**NOTE**:  Defendants may produce a chart or similar summary of such information in lieu of producing the documents in full, provided the summary is certified, pursuant to 20 U.S.C. 1746, as complete and accurate, by an individual with direct personal knowledge.

**RESPONSE:**  Jefferson incorporates its General Objections.  Jefferson objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks production of documents related to "all reports of possible sexual misconduct," regardless of whether such purported reports are reasonably calculated to lead to the discovery of admissible evidence.  For example, Plaintiff's request is not limited to similarly situated sexual assaults by professors against residents or students.  Jefferson further objects to this Request on the grounds that it is vague and ambiguous in that it requests all reports of "possible" sexual misconduct, and it is unclear to what Plaintiff is referring.  Jefferson further objects to this Request on the grounds that it seeks production of documents for the time period dating back to 2010.  Further, Jefferson objects to this Request on the grounds that it seeks confidential and private information concerning individuals who are not a party to this Action. Defendant also objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.

**Request No. 48**

All documents and communications concerning any complaints filed with the United States Department of Education against TJU relating to sex or gender, and any responses or other communications from TJU to the Department of Education, since 2011.

**RESPONSE:** Jefferson incorporates its General Objections. Jefferson objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence. Jefferson further objects to this Request on the grounds that it is vague and ambiguous in that Jefferson does not know what Plaintiff means by "sex or gender." Further, Jefferson objects to this Request on the grounds that it seeks confidential and private information concerning individuals who are not a party to this action. Defendant also objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.

**Request No. 49**

All documents and communications concerning any complaints filed with the United States Department of Education against TJUH relating to sex or gender, and any responses or other communications from TJUH to the Department of Education, since 2011.

**RESPONSE:** Jefferson incorporates its General Objections. Jefferson objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence. Jefferson further objects to this Request on the grounds that it is vague and ambiguous in that Jefferson does not know what Plaintiff means by "sex or gender." Further, Jefferson objects to this Request on the grounds that it seeks confidential and private information concerning individuals who are not a party to this action. Defendant also objects to this Request on the grounds

32

that it seeks information that is protected by the attorney-client privilege and the work product doctrine.

**Request No. 50**

All correspondence between Defendants and any third party concerning: (i) sex and gender, (ii) Title IX and/or sexual misconduct, (iii) the "MeToo" movement and/or "rape culture"; and/or (iv) alcohol use/abuse and sex, gender, or sexual misconduct, from January 1, 2010 to present.

**RESPONSE:**  Jefferson incorporates its General Objections.  Jefferson objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence. Jefferson further objects to this Request on the grounds that it is vague and ambiguous in that Jefferson does not know what Plaintiff means by "the 'MeToo' movement and/or 'rape culture.'" Further, Jefferson objects to this Request on the grounds that it seeks confidential and private information concerning individuals who are not a party to this Action. Defendant also objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.

**Request No. 51**

All internal correspondence concerning: (i) Title IX and/or sexual misconduct, (ii) the "MeToo" movement and/or "rape culture"; and/or (iii) alcohol use/abuse and sex, gender, or sexual misconduct, from January 1, 2010 to present.

**RESPONSE:**  Jefferson incorporates its General Objections.  Jefferson objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence. Jefferson further objects to this Request on the grounds that it is vague and ambiguous in that Jefferson does not know what Plaintiff means by "the 'MeToo' movement and/or 'rape culture.'"

33

Further, Jefferson objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.

**Request No. 52**

All correspondence and communications between agents and employees of Defendants and agents and employees of Rothman Orthopaedic Institute concerning Plaintiff from January 1, 2018 to present.

**RESPONSE:** Jefferson incorporates its General Objections.  Jefferson objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence. Indeed, this Request seeks documents that have no bearing on any claim or defense in this case. Further, to the extent it seeks documents relating to Dr. Vacarro and Dr. Purtill relating to the claims in this case, Jefferson objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.  Subject to and without waiver of the foregoing objections, and the General Objections, Jefferson will produce non-privileged documents, if any exist, responsive to the Request, upon the entry of an appropriate Confidentiality and Protective Order.

**Request No. 53**

All documents and communications between agents and employees of Defendants and agents and employees of Rothman Orthopaedic Institute concerning the restrictions described in Paragraph 186 of the Amended Complaint.

**RESPONSE:** Jefferson incorporates its General Objections.  Further, to the extent this Request seeks documents relating to Dr. Vacarro and Dr. Purtill relating to the claims in this case, Jefferson objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.  Subject to and without waiver of the

34

foregoing objections, and the General Objections, Jefferson will produce non-privileged documents, if any exist, responsive to the Request, upon the entry of an appropriate Confidentiality and Protective Order.

**Request No. 54**

All of Defendants' internal correspondence and memoranda concerning the restrictions against Dr. Abraham described in Paragraph 186 of the Amended Complaint.

**RESPONSE:** Jefferson incorporates its General Objections. Jefferson objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence. Further, Jefferson objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine. Subject to and without waiver of the foregoing objections, and the General Objections, Jefferson will produce non-privileged documents, if any exist, responsive to the Request, upon the entry of an appropriate Confidentiality and Protective Order.

**Request No. 55**

All correspondence and communications between agents and employees of Defendants and agents and employees of Rothman Orthopaedic Institute concerning the restrictions described in Paragraph 190 of the Amended Complaint.

**RESPONSE:** Jefferson incorporates its General Objections. Jefferson objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence. Further, Jefferson objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine. Subject to and without waiver of the foregoing objections, and the General Objections, Jefferson will produce non-privileged

9835939.v4

documents, if any exist, responsive to the Request, upon the entry of an appropriate Confidentiality and Protective Order.

**Request No. 56**

All of Defendants' internal correspondence and memoranda concerning the restrictions against Dr. Abraham described in Paragraph 190 of the Amended Complaint.

**RESPONSE:**  Jefferson incorporates its General Objections.  Jefferson objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence. Further, Jefferson objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.  Subject to and without waiver of the foregoing objections, and the General Objections, Jefferson will produce non-privileged documents, if any exist, responsive to the Request, upon the entry of an appropriate Confidentiality and Protective Order.

**Request No. 57**

All of Defendants' internal correspondence, communications, and memoranda concerning Dr. Abraham's leave of absence from the hospital, including without limitation instructions to staff on how to communicate his status to patients and physicians seeking to refer patients to Dr. Abraham during his leave of absence.

**RESPONSE:**  Jefferson incorporates its General Objections.  Jefferson objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence. Further, Jefferson objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.  Subject to and without waiver of the foregoing objections, and the General Objections, Jefferson will produce non-privileged

36

documents, if any exist, responsive to the Request, upon the entry of an appropriate Confidentiality and Protective Order.

**Request No. 58**

All correspondence and communications between Dr. Jim Purtill and any other person or person(s) concerning the Plaintiff, Jane Roe, the Incident, Dr. Abraham's Complaint and the Jane Roe Complaint.

**RESPONSE:** Jefferson incorporates its General Objections.  Jefferson further objects to this Request to the extent this Request implies that Plaintiff made any purported "Complaint" as defined in the Definitions and Instructions.  To the contrary, Plaintiff never made any such "Complaint."   By way of further response, to the extent Abraham accused Roe of sexual assault at any other time other than in his Amended Complaint in this action, an investigation of his allegations would have been subsumed by the investigation conducted by Jefferson's outside counsel into the Incident as a whole, and are thus privileged.  Jefferson objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks production of documents that are not reasonably calculated to lead to the discovery of admissible evidence.   Further, Jefferson objects to this Request on the grounds that it seeks confidential and private information concerning individuals who are not a party to this Action. Defendant also objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and the work product doctrine.  Subject to and without waiver of the foregoing objections and the General Objections, Jefferson will produce non-privileged documents responsive to this Request, upon the entry of an appropriate Confidentiality and Protective Order.

37

**Request No. 59**

All other documents and communications that Defendants intend to rely upon in their defense of this matter.

**RESPONSE:**   Defendants incorporate their General Objections. Notwithstanding these objections, and without waiver thereof, Defendants state they have not yet determined which documents and communications they intend to rely upon in defense of this matter.  Defendants will disclose such documents, to the extent required by, and in accordance with, the applicable rules and orders.

**Request No. 60**

All documents and communications referenced or relied upon by Defendants in responding to Plaintiff's Interrogatories.

**RESPONSE:**  Jefferson incorporates its General Objections.  Jefferson objects to this Request to the extent it seeks the production of information protected by the work product doctrine and/or the attorney-client privilege. Defendant further objects to this Request to the extent it seeks the production of documents that are confidential to Defendant or a third party and/or contain personal or protected health information about a third party. Further, Jefferson objects to this Request on the grounds that it is vague and ambiguous. Subject to and without waiver of the foregoing objections and the General Objections, as well as the General Objections and specific objections raised in Defendant's Responses and Objections to Plaintiff's First Set of Interrogatories ("Interrogatory Responses"), Jefferson will produce non-privileged documents responsive to this Request, upon the entry of an appropriate Confidentiality and Protective Order.

9835939.v4

Dated: January 12, 2022

Respectfully submitted,


KLEHR HARRISON HARVEY BRANZBURG LLP


By:   */s/ Stephanie D. Wolbransky*
       William A. Harvey
       Lisa A. Lori
       Stephanie D. Wolbransky
       1835 Market Street, Suite 1400
       Philadelphia, PA  19103
       (215) 569-2700
       wharvey@klehr.com
       llori@klehr.com
       swolbransky@klehr.com
       Attorneys for Defendants

9835939.v4

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on January 12, 2022, the foregoing document was served on the following counsel of record via electronic mail:

Andrew T. Miltenberg, Esquire
Stuart Bernstein, Esquire
Cindy Singh, Esquire
NESENOFF & MILTENBERG, LLP
363 Seventh Ave., 5th Fl.
New York, NY 10001
amiltenberg@nmllplaw.com
sbernstein@nmllplaw.com
csingh@nmllplaw.com
Attorneys for Plaintiff

Lance Rogers, Esquire
ROGERS COUNSEL
26 East Athens Avenue
Ardmore, PA 19003
lance@rogerscounsel.com
Attorneys for Plaintiff

*/s/ Stephanie D. Wolbransky*
Stephanie D. Wolbransky

9835939.v4