IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN A. ABRAHAM, M.D.<br><br>    Plaintiff<br><br>  v.<br><br>THOMAS JEFFERSON UNIVERSITY AND THOMAS JEFFERSON UNIVERSITY HOSPITAL, INC.<br><br>    Defendants | Civil Action No. 2:20-cv-02967-MMB |

Pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure, Local Rule of Civil Procedure 26.1(f), and Paragraph (C)(1) of the Court's Pretrial and Trial Procedures – Civil Cases, defendants, Thomas Jefferson University and Thomas Jefferson University Hospital (collectively, "Jefferson" or "Defendants"), hereby respond to Plaintiff's Motion to Compel, and cross-move for a protective order, and, in support thereof, relies on and incorporates by reference its Brief in Opposition to Plaintiff's Motion to Compel and in support of its Cross-Motion, which is being filed simultaneously herewith.

Date:  November 9, 2022      Respectfully submitted,

             By:  */s/ Stephanie D. Wolbransky*_____
                William A. Harvey, PA I.D. No. 25344
                Lisa A. Lori, PA I.D. No. 83814
                Stephanie D. Wolbransky, PA I.D. No. 326356
                KLEHR HARRISON HARVEY
                BRANZBURG LLP
                1835 Market Street, Suite 1400
                Philadelphia, PA 19103
                Phone: 215-569-2700
                wharvey@klehr.com
                llori@klehr.com
                swolbransky@klehr.com
                *Attorneys for Defendants*

10247384.v3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN A. ABRAHAM, M.D.<br><br>        Plaintiff<br><br>        v.<br><br>THOMAS JEFFERSON UNIVERSITY AND THOMAS JEFFERSON UNIVERSITY HOSPITAL, INC.<br><br>        Defendants | Civil Action No. 2:20-cv-02967-MMB |

**JEFFERSON'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND CROSS-MOTION FOR PROTECTIVE ORDER**

## I.  Introduction

Plaintiff's motion concerns its attempt to obtain documents protected from disclosure by the attorney client privilege and documents that do not exist. Defendants', Thomas Jefferson University and Thomas Jefferson University Hospital (collectively, "Jefferson" or "Defendants"), Cross-Motion seeks a protective order to preclude Plaintiff from taking the deposition of Jefferson's lawyer, Gaetan Alfano, and to prohibit disclosure of the Investigation Report that is at issue in Plaintiff's Motion. Thus, as set forth more fully herein, Defendants respectfully request this Court deny Plaintiff's Motion to Compel and grant their Cross-Motion for Protective Order.

## II.  Background Facts and Procedural History

Plaintiff, a partner in Rothman Institute, is a former attending physician and faculty member at Jefferson. On June 23-24, 2018, Plaintiff hosted a party at his private home, after work hours, wherein he engaged in a sexual encounter with a female resident physician/student at Jefferson. Thereafter, the resident physician/student initiated a Title IX complaint with Jefferson, alleging that Plaintiff raped her at his party. Given her complaint, Jefferson retained outside

10247384.v3

counsel, Pietragallo Gordon Alfano Bosick & Raspanti LLP, and its principal, Gaetan Alfano, Esquire, to investigate the incident. Prior to the conclusion of Jefferson's investigation and the Title IX matter, Plaintiff voluntarily resigned from his position at Jefferson, and the investigation and Title IX matter was terminated.

Despite his voluntary resignation prior to the conclusion of the Title IX matter, Plaintiff sued Jefferson in this case, wherein he alleges that Jefferson violated Title IX because it did not investigate his purported claim that the female resident/student sexually assaulted him. Plaintiff also claims that Jefferson tortiously interfered with his relationship with Rothman Institute.

On November 12, 2021, Plaintiff served Requests for Production of Documents on Defendants. Included therein, Plaintiff requested: (1) Jefferson's Investigation Report of the June 23-24, 2018 Incident; and (2) documents reflecting all reports of possible sexual misconduct at TJU and TJUH since 2010. *See* Plaintiff's Motion, Ex. E, at Request Nos. 5, 46, 47. Defendants timely responded to Plaintiff's Requests and asserted proper objections to production of these documents, including objections based on the attorney client privilege, over broadness, and lack of relevancy. As set forth herein, Defendants should not be compelled to produce any additional documentation.

On November 8, 2022, Plaintiff informed Jefferson that he was seeking to depose Jefferson's lawyer, Mr. Alfano, in this matter. This deposition of Mr. Alfano plainly implicates the attorney client privilege as Mr. Alfano's only connection to this matter is that he led the investigation and corresponding report. Accordingly, a protective order should be issued to preclude the deposition of Mr. Alfano.

### III. Legal Argument

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Under Federal Rule 34, a party may serve on any other party a request within the scope of Rule 26(b) to "produce and permit the requesting party or its representative to inspect, copy, test, or sample … items in the responding party's possession, custody, or control," including designated documents or electronically stored information. Fed. R. Civ. P. 34(a)(1)(A).

#### a. The Investigative Report is Privileged

Plaintiff is not entitled to production of Defendants' Investigation Report. The purpose of the attorney-client privilege:

> is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client.

*In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 360 (3d Cir. 2007), *as amended* (Oct. 12, 2007) *(citing Upjohn Co. v. United States,* 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981)). Moreover, if a communication is made "in confidence," it is privileged. *See* Restatement (3d) of the Law Governing Lawyers §68.

Indeed, here, Jefferson retained outside legal counsel to conduct an internal investigation into the June 23-28, 2018 incident for purposes of obtaining legal advice on how to best proceed. The Investigation Report created by those attorneys is protected from disclosure by the attorney-client privilege. Defendants properly assert this privilege. Indeed, the Investigation Report was created by Jefferson's outside legal counsel, at Jefferson's request as the law firm's client, to

develop the facts and advise Jefferson on how to proceed in connection with the alleged sexual misconduct that occurred at Dr. Abraham's home on June 23-24, 2018. In interviewing the witnesses, Jefferson promised them confidentiality, and encouraged them to speak openly and freely to assist in the investigation. To now reveal such communications, and break the trust from client to attorney would violate the attorney-client privilege. Thus, the Investigation Report should remain protected by the attorney-client privilege and the Court should not order it to be disclosed.

Moreover, Plaintiff initiated a lawsuit against the resident/student in state court in the County of Philadelphia. That action is pending. In that action, the parties sought production of the Investigation Report from Jefferson, to which Jefferson objected on the basis of the attorney client privilege. While the lower court ordered production of the report, but allowed Jefferson to redact all privileged portions of the report, Jefferson filed an appeal of the decision to the Superior Court of Pennsylvania. The Superior Court affirmed the lower court's ruling, and Jefferson timely filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court with respect to the Superior Court's decision. At the very least, a ruling on Jefferson's Petition to the Pennsylvania Supreme Court should be obtained prior to the Court's determination as to the privileged nature of the Investigation Report. However, Defendants respectfully request that the Investigation Report be protected from disclosure on the basis of the attorney-client privilege.

### b. **There are No Prior Similar Reports in Existence to Produce**

Plaintiff's Requests Nos. 46 and 47 seek production of documents reflecting "possible sexual misconduct" at Jefferson since 2010. These Requests are vague and ambiguous insofar as "possible sexual misconduct" is an undefined term susceptible to multiple meanings. Indeed, during the parties' meet and confer, counsel for Jefferson requested that Abraham narrow his request, and specify the type of information he was looking for. As noted in his Motion, Plaintiff

is seeking documents "evidencing prior complaints of a similar nature to Plaintiff's claims in the instant action." *See* Plaintiff's Memorandum of Law, at p. 12. Complaints of a "similar nature" means complaints made to Jefferson, by a male attending physician or professor, complaining of sexual assault or harassment by a female student/resident. Jefferson is aware of no such documents. Thus, Plaintiff's Motion should be denied as moot because there are no responsive documents to produce.

### c. The Court Should Enter a Protective Order Prohibiting the Deposition of Gaetan Alfano, Esquire and the Investigation Report

As stated above, Plaintiff seeks to depose Jefferson's lawyer, Mr. Alfano. Federal Rule of Civil Procedure 26 narrows the scope of discovery to "any non-privileged matter that is relevant to any party's claim or defense." *See* Fed. R. Civ. P. 26(b)(1). Under Rule 26(c)(1), a protective order is warranted where a party shows "good cause by demonstrating a particular need for protection." *See Cipolone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir. 1986). Good cause is established upon a showing that disclosure will work a "clearly defined and serious injury" to the party seeking protection." *See Publicker Indus., Inc. v. Cohen,* 733 F.2d 1059, 1071 (3d Cir. 1984). In considering good cause, the Court must balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled. *See Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 787 (3d Cir.1994). In *Pansy*, the Third Circuit identified a number of factors to be considered by the district court when it conducts its balancing test, including:

> (1) the privacy interests of the party seeking protection;
> (2) whether the information is being sought for a legitimate purpose or for an improper purpose;
> (3) whether a party benefitting from the order of confidentiality is a private litigant or a public entity or official;
> (4) whether the case involves issues important to the public;

> (5) whether confidentiality is being sought over information important to public health and safety; and
> (6) whether the sharing of information among litigants would promote fairness and efficiency.

*See Pansy,* 23 F.3d at 787.

Here, the factors weigh in favor of a protective order. Mr. Alfano is the author of the Investigation Report at issue in Plaintiff's Motion to Compel. Jefferson has provided Plaintiff with all non-privileged matter relating to Mr. Alfano's involvement in the investigation at issue in this case. Jefferson has similarly, and appropriately, maintained its privilege with respect to communications between Jefferson and Mr. Alfano or his agents and/or representatives. These documents and the Investigation Report itself, were all included on Jefferson's privilege log, which was provided to Plaintiff.

The law clearly establishes that counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client." 42 Pa. C.S.A. § 5928. Further, the privilege "operates in a two-way fashion to protect confidential client-to-attorney or attorney-to-client communication made for the purpose of obtaining or providing professional legal advice." *Gillard v. AIG Ins. Co.,* 15 A.3d 44, 59 (Pa. 2011). The attorney-client privilege applies not only to retained counsel, but to outside legal counsel, such as Mr. Alfano. Jefferson obtained legal advice from Mr. Alfano related to the investigation. Indeed, in recognizing that the attorney-client privilege is sacrosanct, this Court has granted protective orders on the basis of privilege alone. *See, e.g., Sivalingam v. UNUM Provident Corp.,* 735 F. Supp. 2d 189 (E.D. Pa. 2010) (granting motion to quash/and or protective order because notice of deposition listed impermissible, privileged topics for deposition). A similar result should follow here.

Moreover, the testimony of Mr. Alfano hinders Jefferson's and its employees' privacy interests. Indeed, when conducting his investigation, Mr. Alfano interviewed numerous Jefferson employees, and promised each witness confidentiality with respect to their recollection. In doing so, Mr. Alfano was able to have candid communications with each witness, and such a right should be protected.

Further, as noted herein, Jefferson recently filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court regarding its Investigation Report on the grounds that it is protected from disclosure under the attorney-client privilege. In seeking to depose Mr. Alfano, Plaintiff attempts to obtain the contents of the privileged report from an alternative source, which is improper. Thus, a protective order should be issued to preclude Mr. Alfano's testimony in this matter, and to prohibit disclosure of the Investigation Report because both are protected by the attorney-client privilege.

## IV.  Conclusion

Thus, for the reasons set forth herein, Defendants respectfully request this Court deny Plaintiff's Motion to Compel and grant Jefferson's Cross Motion for Protective Order

Date:  November 9, 2022                     Respectfully submitted,

By:  */s/ Stephanie D. Wolbransky* _____
William A. Harvey, PA I.D. No. 25344
Lisa A. Lori, PA I.D. No. 83814
Stephanie D. Wolbransky, PA I.D. No. 326356
KLEHR HARRISON HARVEY
BRANZBURG LLP
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Phone: 215-569-2700
wharvey@klehr.com
llori@klehr.com
swolbransky@klehr.com
*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN A. ABRAHAM, M.D.<br><br>  Plaintiff<br><br>  v.<br><br>THOMAS JEFFERSON UNIVERSITY AND THOMAS JEFFERSON UNIVERSITY HOSPITAL, INC.<br><br>  Defendants | Civil Action No. 2:20-cv-02967-MMB |

## ORDER

AND NOW this _____ day of November, 2022, it is hereby ORDERED that Plaintiff's Motion to Compel is DENIED and Defendants' Cross-Motion for Protective Order is GRANTED.

_____

The Honorable Michael M. Baylson

## **CERTIFICATE OF SERVICE**

I, Stephanie D. Wolbransky, hereby certify that I caused a true and correct copy of the foregoing document to be served on all counsel of record via the Court's electronic filing system.

Dated: November 9, 2022               */s/ Stephanie D. Wolbransky*

                                                            Stephanie D. Wolbransky