IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JOHN A. ABRAHAM | CIVIL ACTION |
|---|---|
| v. | NO. 20-2967 |
| THOMAS JEFFERSON UNIVERSITY & THOMAS JEFFERSON UNIVERSITY HOSPITALS, INC. | |

### MEMORANDUM

**Baylson, J.**                                                                                              December 1, 2023

In Mozart's famous opera, *Don Giovanni*, numerous events take place between the titular character and various women who are the objects of his often allegedly reprehensible conduct. The first who appears is Donna Anna, the second is Donna Elvira, both noble women, and the third is Zerlina, a young local woman who is about to get married to Masetto. According to them, Don Giovanni "hits" on all three, but the audience never finds out what happened between the Don and the women. Centuries later, both musically and dramatically, the themes of *Don Giovanni* remain impactful. All this without knowing any details of what happened.

The underlying facts of this case start with a "party" held in the home of the Plaintiff, Dr. John Abraham, which was attended by other colleagues from the Defendant hospital. A report eventually prepared on behalf of Jefferson pursuant to Title IX goes into substantial detail of the conflicting recollections of various people who attended the party as to what happened. Suffice it to say that there is some "sex" involved in most of these accounts, but very little, if any, unanimity about what actually happened.

Although Defendants moved for summary judgment, the Court, after reviewing extensive filings, denied that motion, concluding that since there were many disputed material facts, any detailed decision would not be worthwhile.

As the trial approaches, and after an extensive hearing on motions in limine, the Court must decide what the scope of evidence should be.

In approaching this trial, the Court has determined that the disputes about what happened at the party in Plaintiff's home should not consume the factual record, because as the legal analysis will show, what happened at the party is really not relevant.

As a Title IX case, the issue is whether there was gender bias or discrimination on the part of Jefferson in conducting its investigation. There is an extensive report of 61 single-spaced pages provided by the law firm retained by Jefferson to conduct the Title IX investigation ("the Report"), which Plaintiff alleges was biased against him because of his gender, and resulted in the termination of his relationships with Jefferson, the circumstances of which are also in great dispute.

After review of the Report, and the briefs of the parties, and an extensive hearing on motions in limine, the Court has determined the appropriate ruling here is to avoid this jury trial spending many hours listening to conflicting testimony about the party, which is not relevant, and which would be inflammatory and unnecessary, if not prejudicial. What is relevant is what was stated to Jefferson and what Jefferson's acts or omissions were.

The Court will allow a short deposition of one of the in-house lawyers and one of the lawyers in the firm who conducted the investigation. However, neither of these depositions may inquire into Jefferson's request for legal advice from the law firm, or the law firm's responses. The "guard rails" for this deposition may be difficult to follow, but the Court believes that they are relevant and proper, protecting Jefferson's attorney-client privilege, which has never been waived, but allowing non-privileged communications that exist to the extent that after receiving advice, there are any instructions Jefferson gave to the firm about conducting the investigation.

2

These rulings may result in testimony that is relatively prosaic, but there is a need for the jury to be able to decide this case on the appropriate legal issue, which is principally whether the investigation was biased against Dr. Abraham because of his gender. Thus, the jury is entitled to hear testimony about the investigation itself and whether it was perfunctory or positive or perfect.

The specific encounters between Plaintiff and any other guests at his party are simply not relevant. There is also some testimony of other events between the Plaintiff and other individuals employed by Jefferson, that both parties may try to introduce. The Court will not make any final ruling at this time, but will require counsel, at either an appropriate recess or after the jury leaves for the day, to make offers of proof on such proposed testimony for the Court to rule.

There will also be testimony that Dr. Abraham was the subject of a criminal complaint, and his reaction to that event. The Court will likely give the jury appropriate instructions on this point at the time this testimony is received.

The above guard rails are designed to guide counsel as they prepare to question witnesses, and to give notice as to how the Court believes that testimony should be limited to the actual issues under Title IX and tortious interference under Pennsylvania law.

Although counsel have cited a number of Title IX cases in their trial briefs, and in their points for charge, after extensive research, the Court has located very few reported decision by either a district judge or circuit court on how a factual dispute similar to that involved in this case was handled from the point of view of admission of evidence, or instructions to the jury with respect to the admissibility of Title IX investigation reports. There are many decisions on Title

IX under Rule 12 and Rule 56 but they do not discuss or make any holdings on the admissibility of evidence of the factual background in this case, and in a Title IX case.

The Court will allow both parties to introduce evidence which is relevant on the Title IX claim and the state law claim, but as noted in the order accompanying this Memorandum, will require "offers of proof" out of the hearing of the jury for the Court to make a ruling without the jury hearing the proposed questions/answers.

The overwhelming reason for these rulings is that the trial should be confined to the conduct of Jefferson, and what Dr. Abraham did or stated in his statements to and conduct with Jefferson in its investigation.

O:\CIVIL 20\20-2967 Abraham v Thom Jeff Univ\20cv2967 memorandum on rulings.docx