IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JOHN A. ABRAHAM<br><br>v.<br><br>THOMAS JEFFERSON UNIVERSITY & THOMAS JEFFERSON UNIVERSITY HOSPITALS, INC. | CIVIL ACTION<br><br>NO. 20-2967 |
|---|---|

### PRETRIAL ORDER RE: EVIDENTIARY ISSUES, ETC.

Following a review of the motions in limine filed by both parties and an extensive argument on November 30, 2023 concerning the upcoming jury trial, and for reasons stated in the foregoing Memorandum, it is now on this 1st day of December, 2023, **ORDERED**:

1. Plaintiff may take a limited deposition of one attorney employed by Defendant and one attorney of the Pietragallo law firm ("Firm"), following an offer of proof on the record by Plaintiff's counsel as to their proposed testimony when called as of cross-examination at trial.

2. Concerning the motion for bifurcation, the Court will order bifurcation of all liability claims from any and all damage claims, with a jury verdict reached on all liability claims prior to Plaintiff or Defendants introducing any evidence on the amount of damages.

3. After extensive argument and consideration, the Court will ORDER the following limitations on the trial testimony on behalf of both parties:

    a. Plaintiff may call as its first witness a representative of Jefferson who will be asked to review certain parts of the Title IX Investigation Report ("Report") and either quote or summarize to the jury, for up to two hours. The Court will allow limited testimony of the contents of the Report as to what happened at the party.

b. When Dr. Abraham testifies, his direct and cross-examination will not include any testimony of what happened at the party. However, he will be able to testify as to what he said to people who were employees/representatives of Jefferson about the party which is admitted not for the truth of the matter asserted, but only that these facts were stated.

c. As the only issue in the Title IX claims is gender-biased discrimination, plaintiff may testify as to his statements to Jefferson with cross-examination on this topic.

d. To the extent that Defendant believes it can impeach Plaintiff with the testimony of other witnesses, this will be strictly limited to what Plaintiff testified he said to Defendant.

e. "First hand" testimony about what happened at the "party" will not be admissible at trial in efforts to avoid the jury being diverted on the highly inflammatory/prejudicial/controversial factual disputes on this topic, which are not directly related to the legal issues in this case.

f. Testimony of third-party witnesses as to what Plaintiff said to Jefferson and/or Jefferson's actions or omissions may be admissible based upon an offer of proof made at appropriate intervals in the trial, in order to provide fair opportunity for presentation of direct testimony and cross-examination, eliminating facts that are collateral or highly inflammatory. The Court finds that admission into evidence of facts that are collateral or highly inflammatory would be contrary to having a fair trial that is focused

on the legal issues under Title IX and/or the common law claim of tortious interference.

g. The testimony of "prior" or "outside of Title IX" conduct by any party or witness in this case is deemed irrelevant without a specific order of proof prior to the witness testifying demonstrating its relevance to the issues before the jury.

4. Considering Plaintiff's position that the Defendants and the Firm are considered legally the same, the Court will advise the jury that Title IX allows, if not requires, an entity faced with the accusations made to conduct an investigation and that such an entity is entitled to retain counsel to do so.

5. The acts or omissions of Defendants, including counsel preparing the Report, may be argued to the jury by both parties as relevant in determining whether Defendants are liable to Plaintiff.

6. Plaintiff's motion in limine to preclude testimony from Defendant's Title IX expert is DENIED, but Plaintiff may cross-examine the witness as to his qualifications and make further objections to specific portions of his testimony that Plaintiff asserts are speculative or do not "fit" in the facts of the case.

7. Counsels' requests for an adverse inference instruction is DENIED at this time, but may be renewed at trial if admissible evidence shows that there was wrongful conduct by any witness.

8. Plaintiff's motion to preclude Defendants' damages expert is DENIED. The Court finds that, assuming liability is established, both parties shall have an appropriate opportunity to present evidence on Plaintiff's damages claims.

In conclusion, all motions in limine (ECF Nos. 82-89) are granted in part and denied in part.

**BY THE COURT:**

**　/s/ Michael M. Baylson　**
**MICHAEL M. BAYLSON**
**United States District Court Judge**

O:\CIVIL 20\20-2967 Abraham v Thom Jeff Univ\20cv2967 order on mil.docx