IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN A. ABRAHAM, M.D. : | |
| *Plaintiff,* : | |
| v. : | |
| : | No. 2:20-cv-02967-MMB |
| THOMAS JEFFERSON UNIVERSITY and : | |
| THOMAS JEFFERSON UNIVERSITY : | |
| HOSPITALS, INC. : | |
| *Defendants.* : | |
| : | |

**DEFENDANTS' EMERGENCY MOTION FOR A BRIEF CONTINUANCE**

Defendants Thomas Jefferson University and Thomas Jefferson University Hospitals, Inc. collectively, "Jefferson," through their attorneys, file this emergency motion for a brief trial continuance. As will be explained below:

- Jefferson's lead trial counsel is seriously ill and cannot attend trial on Friday, December 8, 2023 (and maybe for several days thereafter).

- Jefferson apparently has to defend itself against a claim for punitive damages that was not contained in plaintiff's complaint. Worse, plaintiff has sprung upon Jefferson, during the midst of the damage phase of the trial, documents that he intends to use to support his unpleaded punitive damage claim. These documents were not on plaintiff's exhibit list. Nor were they on the joint exhibit list. Yet, plaintiff intends to use these surprise documents in his case-in-chief during the damage phase.

- As a consequence of these unforeseen events, Jefferson's ability to continue their non-profit missions of healthcare and education will be severely damaged, should they be required to proceed with the damage phase of this case without their lead trial counsel, who has represented Jefferson for decades in numerous weighty matters.

1

- All that is needed to cure these issues, and the several prejudice being caused to Jefferson, is the grant of a short continuance. This is not unreasonable under the circumstances. There will be no prejudice to plaintiff if a continuance is granted. While the Court and jurors may be slightly inconvenienced, such concerns cannot outweigh the massive prejudice that Jefferson will suffer should a short continuance not be granted.

### **Lead Trial Counsel's Illness And Inability To Attend Trial**

1. Jefferson is represented by William A. Harvey, Esquire, Lisa A. Lori, Esquire and Stephanie D. Wolbransky, Esquire, of the law firm of Klehr Harrison Harvey Branzburg LLP.

2. Mr. Harvey has been long-time counsel to Jefferson on numerous matters going back several decades.

3. Mr. Harvey was specifically chosen by Jefferson to act as lead counsel in this case, and was specifically chosen by Jefferson to be their lead trial counsel.

4. As this Court is aware, Mr. Harvey has been ill throughout this trial.

5. In the late afternoon of Thursday, December 7, 2023, Mr. Harvey was finally overcome by his illness and had to leave the courtroom before the end of that day's court session, and is now seeking hospital treatment and care. He was unable to participate in yesterday evening's trial deposition of plaintiff's expert or any preparation sessions. Ultimately, Mr. Harvey informed his co-counsels Ms. Lori and Ms. Wolbransky that he would be unable to attend the trial on Friday, December 8, 2023.

6. Ms. Lori and Ms. Wolbransky immediately informed the client, Jefferson. Jefferson is understandably concerned not only for Mr. Harvey's health, but also because the trial is in its most critical phase—the damages determination—without Mr. Harvey's presence and advice to the client.

7. Jefferson is a non-profit hospital system and medical school. Any unexpected substantial expense will be severely detrimental. Importantly, this will compromise their ability to provide necessary medical services to their patients and education to their students.

### Plaintiff's Claim For Punitive Damages[1]

1. Plaintiff filed his First Amended Complaint, which is the effective pleading in this lawsuit, on April 12, 2021. See Exhibit 2.

2. Defendants have pored over the First Amended Complaint numerous times. The word "punitive" does not appear in the First Amended Complaint. The term "punitive damages" does not appear in the First Amended Complaint. It goes without saying that there is no request or demand in the First Amended Complaint for an award of punitive damages.

3. On November 15, 2023, in accordance with this Court's scheduling order, Jefferson filed a *motion in limine* to strike plaintiff's claim for punitive damages and exclude any evidence pertaining to the wealth of Jefferson (Jefferson uses the term "wealth" as that is the term used in the context of punitive damages, keeping in mind that Jefferson is a non-profit entity and such terms are unsuitable).

4. The basis for the motion in limine was fundamental: plaintiff filed a prolix First Amended Complaint replete with allegations and many specific claims for relief, but never once requested an award of punitive damages. Again, the term "punitive damages" does not appear in the First Amended Complaint at all.

5. After the jury reached a verdict late in the afternoon of Thursday, December 7, 2023, plaintiff's counsel requested that defendants' counsel ensure that a designee of Jefferson

---

[1] It is Defendants' understanding that this Court has not yet ruled on their Motion in Limine to Preclude Punitive Damages.

attend trial on Friday, December 8, 2023 to authenticate documents. The documents plaintiff's counsel referred to were not produced or identified to defendants' counsel at that time.[2]

6.  The evening of Thursday, December 7, 2023, William J. Clements, Esquire of the Klehr Harrison Harvey Branzburg LLP law firm, who is assisting the Jefferson trial team in this matter, contacted plaintiff's counsel via telephone after the video deposition of Mr. Staller and asked plaintiff's counsel to identify or produce the documents, as otherwise it was impossible for Jefferson to identify an appropriate designee.[3] The call was cordial, and plaintiff's counsel promptly emailed the documents to Mr. Clements.

7.  One of the documents is a lengthy audited financial statement, dated mid-year 2021. Another is a shorter document from a third-party website, "ahd.com" referencing Jefferson.

8.  These documents contain Jefferson's purported financial information. It is believed that plaintiff wishes to use these documents as evidence of Jefferson's "wealth" in connection with his punitive damages claim.

9.  It is doubtful these documents were recently created. Yet they were never produced by plaintiff prior to trial. Nor do they appear on plaintiff's exhibit list, or on the parties' joint exhibit list. Accordingly, Jefferson has not had a chance to review or evaluate this new evidence.

---

[2] Notably, on November 22, 2023, Plaintiff served a subpoena to appear and testify at trial on Jefferson's corporate designee, and listed topics for which he intended to seek testimony. Nowhere in the subpoena does Plaintiff identify any documents related to Jefferson's financial situation or to otherwise establish their wealth.

[3] Mr. Clements has not entered his appearance in this lawsuit. He has been admitted to this Court for over 20 years. But Mr. Clements first became involved in this lawsuit when requested to assist the current trial team in the first or second week of November 2023. Although he has not been formally introduced to the Court, he has been attending trial sitting behind defendants' counsel table, and is also known to plaintiff's counsel. Aside from only recently becoming involved in this lawsuit, Mr. Clements has not previously represented Jefferson in any litigation matters. He is certainly not a substitute for Mr. Harvey.

10. Jefferson recognizes that this Court has bifurcated this trial into a liability and damage phase. Plaintiff has the burden of proof in each phase. Plaintiff has the concomitant obligation to identify what exhibits he will try to use and introduce in his case-in-chief prior to any phase of the trial beginning.

11. Again, these newly revealed documents, produced by plaintiff at the last minute, appear to have existed when the parties were exchanging their individual exhibit lists and putting together their joint exhibit list. It cannot be overemphasized that these documents were first identified as potential exhibits in plaintiff's case-in-chief only <u>after</u> the jury entered a verdict on the fourth day of trial, and <u>after</u> the damage phase of the trial had commenced.

12. Because Jefferson is a non-profit, and because these documents were produced at the very last minute, Jefferson should be allowed time to review these documents and prepare a witness to explain them, especially if the Court will allow plaintiff to seek punitive damages and use these documents produced at the last minute to do so, after plaintiff himself failed to set forth a punitive damage claim in his First Amended Complaint. Fairness, equity and due process militate the brief continuance requested.

13. Jefferson filed their motion *in limine* pertaining to plaintiff's unpleaded—and thus defective—punitive damages claim on November 15, 2023 to determine whether it would have to defend against a punitive damage claim and ensure it had sufficient time to prepare.

14. It is impossible for Jefferson to now prepare a defense on this critical issue of potential punitive damages that could cause devastating financial consequences, the evening before the issue and supporting documents will be put to the jury, and without their chosen and trusted lead counsel, Mr. Harvey. Again, a brief continuance can cure this <u>and</u> afford the Court an opportunity to fully consider and rule on Jefferson's motion in limine pertaining to plaintiff's

punitive damage claim. On the other hand, a short continuance will cause no harm or prejudice to plaintiff.

### Argument

15. Although Jefferson scrupulously followed the Court's scheduling order regarding the filing of pre-trial motions in limine in good faith, they still do not yet know whether or why they have to defend themselves against a punitive damage claim that was never pleaded by plaintiff in his First Amended Complaint.

16. To be clear, these damage claims could result in devastating consequences to Jefferson, their employees, their patients and their students, not to mention the City of Philadelphia.

17. Making matters worse, Jefferson's ability to continue their non-profit missions of healthcare and education are at risk of being severely damaged, and, if this Court denies their motion in limine to preclude punitive damages, they are forced to defend against plaintiff's claim without their long-time trusted attorney and lead trial counsel, Mr. Harvey.

18. Jefferson understands the Court's desire to swiftly conclude this trial, and not to inconvenience the jury. But just as " justice delayed is justice denied," hurtling through the critical damage phase of this trial under the circumstances—rather than allowing for short continuance—is also a denial of justice.

19. Jefferson further recognizes and respects that requests for continuances are addressed to the sound discretion of the Court.

20. The Third Circuit has held that "continuance of trial is a matter of discretion with the trial court and will not be disturbed unless a clear abuse of discretion has been shown"; but the Third Circuit has also cautioned trial courts that "[a]n unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay is an abuse of discretion." Woodham

v. Sayre Borough Police Dept., 191 Fed. Appx. 111, 116 (3d Cir. 2006). See also Smith-Weik Machinery Corp. v. Murdock Machine and Engineering Co., 423 F.2d 842, 844 (5th Cir. 1970) (the appellate court reversing a trial verdict and remanding for a new trial because district court judge denied a party's reasonable request for a short continuance on account of the illness of the party's lead trial counsel).

21. Jefferson and their counsel have not been dilatory in either the lawsuit or at the trial of the lawsuit. Nor is their request for a continuance some trial tactic. To be clear, Jefferson's lead trial counsel is ill; there are issues that need to be resolved pertaining to plaintiff's damage claims (including the punitive damage claim); and Jefferson needs time to select and prepare a witness to testify with respect to the punitive damage exhibits that have been newly sprung upon Jefferson during the damage phase of the trial and without prior notice.

22. With all due respect to the Court and its desire to complete this trial expeditiously, refusing to grant a short continuance under these circumstances would be an abuse of discretion.

23. Jefferson requests a short continuance to at least Thursday, December 14, 2023 to complete the final day of trial.

24. Alternatively, Jefferson proposes that a trial session be held on Friday, December 7, 2023 which is limited to the presentation of the parties' respective damage experts and the issue of compensatory damages, with the presentation of any evidence or argument pertaining to punitive damages to take place after a short continuance, on Thursday, December 14, 2023.

25. This will address the within concerns of Jefferson, and allow the Court time to address and rule on Jefferson's pending motion in limine as to whether plaintiff's claim for punitive damages should be heard. On the other hand, it will cause no prejudice to plaintiff and only a minor inconvenience to the jurors.

WHEREFORE, Jefferson respectfully requests that their emergency motion for a continuance be granted.

|  |  |
|---|---|
| | Respectfully submitted, |
| | KLEHR HARRISON<br>HARVEY BRANZBURG LLP |
| Dated: December 8, 2023 | By: <u>*/s/ Stephanie D. Wolbransky*</u><br>William A. Harvey<br>Lisa A. Lori<br>Stephanie D. Wolbransky<br>1835 Market Street, Suite 1400<br>Philadelphia, PA 19103<br>Ph  (215) 569-2700<br>Fax (215) 568-6603<br>wharvey@klehr.com<br>llori@klehr.com<br>swolbransky@klehr.com |
| | *Attorneys for Defendants* |

## **CERTIFICATE OF SERVICE**

      I, Stephanie D. Wolbransky, hereby certify that I caused a true and correct copy of this Emergency Motion to be served on all counsel of record via the Court's ECF system.

Dated: December 8, 2023                      */s/ Stephanie D. Wolbransky*
                                                                                        Stephanie D. Wolbransky