IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JOHN A. ABRAHAM<br><br>v.<br><br>THOMAS JEFFERSON UNIVERSITY & THOMAS JEFFERSON UNIVERSITY HOSPITALS, INC. | CIVIL ACTION<br><br>NO. 20-2967 |
|---|---|

**MEMORANDUM RE: COZEN O'CONNOR ENTRY OF APPEARANCE**

**Baylson, J.**                                                                                                                **January 12, 2024**

On December 29, 2023, Brian P. Flaherty, an attorney at the law firm Cozen O'Connor, entered a notice of appearance on behalf of Defendants Thomas Jefferson University and Thomas Jefferson University Hospitals, Inc. ECF No. 149. Along with attorneys from Klehr Harrison Harvey Branzburg LLP, who have represented Defendants since the case's inception, Mr. Flaherty co-signed Defendants' Motion for Judgment as a Matter of Law and Motion for New Trial filed on January 8, 2024. See ECF Nos. 152, 153. As certain of the parties and/or counsel may be aware, one of my sons-in-law is an attorney and shareholder practicing at Cozen O'Connor. This Court writes to disclose this relationship to the parties and provide the Court's reasons for declining recusal.

Although the undersigned generally recuses myself when Cozen O'Connor files a case at its inception or enters an appearance for a defendant at the beginning of a case, this situation is totally different.

Cozen O'Connor has had no involvement in this case whatsoever until Brian Flaherty, Esquire entered his appearance last week, and appears as a co-signor on the post-trial motions

1

filed on January 8, 2024 by Defendants. There are several reasons for the Court's declining recusal as follows:

1. Cozen O'Connor had no involvement in the trial of this case or in any pretrial or trial proceedings in this case.

2. Given the jury's verdict and the entry of judgment in favor of the Plaintiff and against the Defendants for $15 million, the issues presented by post-trial motions are essentially issues of law. The identity or law firm association of counsel making arguments or signing briefs may be relevant but is not controlling, and there are no personal relationships at stake. Further, there is no prejudice to either party. I am confident I can decide these post-trial motions fairly and promptly according to the law.

3. I have had no discussions whatsoever about this case with my son-in-law at Cozen O'Connor.

4. Although I do not recall Mr. Flaherty appearing before me in any specific case, I have known him for many years, as he is the President of the University of Pennsylvania Inn of Court, of which I am a member; I have never discussed this case in any way, shape or form with him or any other lawyer at Cozen O'Connor. I presume that Mr. Flaherty knows of my general practice of recusing from cases in which Cozen O'Connor is counsel.

5. As the issues that are presented by the post-trial motions are primarily, if not exclusively, issues of law; whatever decision I reach can be appealed by either or both parties to the United States Court of Appeals for the Third Circuit. Thus, whatever decision I may make is not "final." I have not yet read the briefs or made any decision about post-trial motions.

6. It may be relevant that Jefferson has retained Cozen O'Connor after suffering a significant loss at trial. However, it is not unusual that a party that has an unfavorable result after

a jury trial will seek new co-counsel for post-trial and/or appellate proceedings. The Defendants were very well represented by the Klehr Harrison firm, which performed outstanding legal work on behalf of their client during all pretrial proceedings and at trial.

7. 28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004). The facts, as described in this Memorandum, would not lead a reasonable person to question this Court's impartiality here because this Court's son-in-law has no direct involvement in the case. This Court has guided the case impartially from its inception through trial. Cozen O'Connor is a very large law firm with more than 825 attorneys and 32 offices.

8. There is substantial legal precedent not requiring recusal of a judge under similar circumstances, and in particular, where trial has concluded and the court has invested substantial judicial resources in the case. See Martin v. Monumental Life Ins. Co., 240 F.3d 223, 237 (3d Cir. 2001) (noting that "there must be a more compelling standard for recusal under § 455(a) after the conclusion of a trial than before its inception. After a massive proceeding such as this, when the court has invested substantial judicial resources and there is indisputably no evidence of prejudice, a motion for recusal of a trial judge should be supported by substantial justification, not fanciful illusion").

This Court finds no substantial justification for recusal here and believes that it will continue to preside over the case impartially, as it has done since the case was first filed. See, e.g., Microsoft Corp v. United Sates, 530 U.S. 1301, 1302 (2000) (Chief Justice declined to

recuse himself from participating in an appeal in an antitrust action even though his son represented Microsoft in separate antitrust actions).[1] This Court is cognizant that recusal and transferring the case to a different judge "often results in the duplication of judicial resources and significant delay." Smart Commc'ns., Holding, Inc. v. Global Tel-Link Corp., 590 F. Supp. 3d 758, 767 (M.D.Pa. 2022).

9. 28 U.S.C. § 455(b) provides that a judge "shall also disqualify himself" when "[h]e or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person" is "acting as a lawyer in the proceeding" or "is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. §§ 455(b)(5)(ii) and (iii). Here, my son-in-law is the spouse of a person within the third degree of relationship to me. However, under § 455(b)(5)(ii), my son-in-law is not "acting as a lawyer in the proceeding" because he is not actually participating in this case. See Potashnick v. Port City Const. Co., 609 F.2d 1101, 1113 (5th Cir. 1980), cert. denied, 449 U.S. 820 (1980) (finding that "actual participation" is required to find that a person is "acting as a lawyer in the proceeding" under § 455(b)(5)(ii)); see also U.S. ex rel. Weinberger v. Equifax, Inc., 557 F.2d 456, 463 (5th Cir. 1977), cert denied, 434 U.S. 1035 (1978) (recusal not required where judge's son, an associate at a law firm representing defendant, did not actively participate in the case).

Under § 455(b)(5)(iii), it is my finding that my son-in-law does not "have an interest that could be substantially affected by the outcome of the proceeding" here. See Pashaian v. Eccelston Properties, Ltd., 88 F.3d 77, 83-85 (2d Cir. 1996) (affirming district judge's decision that § 455(b)(5)(iii) does not automatically require recusal anytime a relative of the judge is a

---

[1] In Microsoft, the Chief Justice "[did] not believe that a well-informed individual would conclude that an appearance of impropriety exists simply because [his] son represents, in another case, a party that is also a party to litigation pending in [the Supreme Court]." Id. at 26.

4

partner in a law firm that appears in a case assigned to the judge). My son-in-law has only been a shareholder at Cozen O'Connor for approximately one year. Prior to that, he was a non-equity partner and prior to that he was an associate, at Cozen O'Connor. Whatever fees Jefferson pays Cozen O'Connor for its post-trial work will not have a substantial impact on my son-in-law's compensation. Cozen O'Connor handles numerous cases across its offices, and the outcome of this one case will not substantially affect the firm's reputation and goodwill. The amount at stake in the litigation is $15 million, which is not inconsiderable, but this amount was determined by the jury to be an appropriate award for Plaintiff and cannot flow to Defendants or its law firms.

10. This Court is cognizant that a few opinions in some other Circuits require automatic recusal under § 455(b)(5)(iii). See Potashnick, 609 F.2d at 1113 (adopting per se recusal rule in "hold[ing] that when a partner in a law firm is related to a judge within the third degree, that partner will always be 'known by the judge to have an interest that could be substantially affected by the outcome' of a proceeding involving the partner's law firm."); see also SCA Servs., Inc. v. Morgan, 557 F.2d 110 (7th Cir. 1977) (finding recusal of trial judge appropriate under the circumstances of individual case since the judge's brother, a senior partner at the law firm representing a party in a civil action pending before judge, had both a financial interest in the outcome of the litigation and an 'interest in his and his firm's reputation and goodwill'). However, in consideration of the facts as described above, this Court agrees with the Second Circuit, which "reject[ed] the Fifth Circuit's rule of automatic recusal" from Potashnick since "[i]t would simply be unrealistic to assume, with Potashnick, that partners in today's law firms invariably 'have an interest that could be substantially affected by the outcome of' any case in which any other partner is involved"). Pashaian, 88 F.3d at 83.

11. This Court does not have any suspicions for Defendants' decision to have Cozen O'Connor represent them as co-counsel for the post-trial proceedings. However, other courts have noted a general possibility that when a party suffers a major loss by a jury and a significant money judgment has been entered against them, that party may wish a different judge to be assigned. As a prudential matter, this Court believes that a new firm's entry should not be grounds for recusal in general. See, e.g., Robinson v. Boeing Co., 79 F.3d 1053, 1055 (11th Cir. 1996) (holding that trial judge's denial of defendant's motion to add additional law firm to its defense team that would require recusal of trial judge (who had managed the litigation for fifteen months) because the judge's nephew was associated with the firm was "within the discretion of the trial court" and "did not abridge any fundamental right to counsel of choice").

This Court does not form any opinion on Defendants' intent with respect to retaining Cozen O'Connor as additional counsel at this stage of the proceedings. However, this Court notes the potential for impropriety where parties attempt to use disqualification of a judge as a trial strategy. See In re FCC, 208 F.3d 137, 139 (2d Cir. 2000) ("It is clear [ ] that tactical abuse becomes possible if a lawyer's appearance can influence the recusal of a judge known to be on a panel.");[2] see also Pashaian, 88 F.3d at 84-85 (sharing district judge's concern about "the ability of a party to recuse a judge by hiring a particular lawyer" and indicating that it is "loathe to articulate a rule that would frustrate or obviate the careful exercise of judicial discretion by district judges in responding to recusal motions in unusual circumstances").

---

[2] In FCC, the Second Circuit sua sponte rejected the entry of appearance by an attorney that would have resulted in the recusal of one of the panel judges, noting, "[l]itigants might retain new counsel for rehearing for the very purpose of disqualifying a judge who ruled against them. As between a judge already assigned to a panel, and a lawyer who thereafter appears in circumstances where the appearance might cause an assigned judge to be recused, the lawyer will go and the judge will stay. This practice preserves the neutral and random assignment of judges to cases, and it implements the inherent power of this Court to manage and control its docket." Id. at 139-40 (internal quotations omitted).

12. Recusal is not warranted here. This Court has invested substantial judicial resources in presiding over very contested pretrial proceedings, and at the six-day trial. Further, recusal would require assignment of this case to a new U.S. District Judge which would require extensive time to study the record, which would in turn result in extensive delay before the inevitable appeal to the Third Circuit.

## **CONCLUSION**

For the above reasons, the Court discloses its relationship of a family member to the Cozen firm but will not recuse itself.

                                                                **BY THE COURT:**

                                                                /s/ Michael M. Baylson
                                                                _____
                                                                **MICHAEL M. BAYLSON**
                                                                **United States District Court Judge**

O:\CIVIL 20\20-2967 Abraham v Thom Jeff Univ\20cv2967 - Memorandum re Cozen O'Connor Entry of Appearance.docx